## The People v. Addison P. Cook.

A Prosecuting Attorney, having discovered an error in an indictment, corrected it without the leave of the Court, and the case went to trial on the indict-ment as corrected. Attention being called to the alteration on the trial, the Court below decided that the alteration by the Prosecuting Attorney in a material point would vitiate the indictment. Held erroneous.

The defendant might object to allowing such an amendment to stand, and the effect of his objection would be to restore the indictment to its original shape. But the prosecuting officer could not treat it as a nullity; and if the cause was tried and defendant acquitted on the indictment as amended, the acquittal would be a bar to a subsequent prosecution for the same offense, provided the indictment, as it read at the time of the trial, was sufficient.

The question of the sufficiency of an indictment can not be referred to the jury as a question of fact.

*Heard April 18th. Decided May 6th.*

On exceptions from Washtenaw Circuit.

Defendant was indicted for perjury in testifying, in an action in which George Cook was plaintiff, and Henry B. Wier was defendant, that the note of two hundred and forty dollars upon which the action was brought was the property of said George Cook, and not of himself. To this indictment a plea of former acquittal was interposed, and a jury being impannelled to try the issue, the follow-ing proceedings were had:

"The said defendant, to prove the issue on his part, introduced as evidence on his part an indictment which was found at the March term of the Circuit Court for the county of Washtenaw and State of Michigan, for the year eighteen hundred and fifty-eight, which indictment was found for the same identical offense, and no other than the offense charged in the indictment in this suit, which fact was admitted on the part of the People by S. Abel, Prosecuting Attorney; thereupon the defendant, further to prove the issue on his part, introduced the original entry from the daily journal of the proceedings of the Circuit Court for the county of Washtenaw, made on the fourteenth day of September, 1858, which entry upon the journal of said Court is as follows:

THE PEOPLE *v.* COOK.

[TITLE OF THE CAUSE].

" In this cause the respondent, Addison P. Cook, being present in Court, on motion of Prosecuting Attorney, trial by the Court is now here · ordered.   Thereupon the following jury was duly called," &c.    " Whereupon Robert J. Barry being duly sworn as a witness on the part of the People, the jury, without leaving their seats, found the. defendant not guilty in manner and form as the People have in their indictment in this cause charged.·   Thereupon. the respondent was discharged from his recognizance.

" Thereupon the defendant rested on his part, as to evidence of former acquittal for the same offense.

" The People in order to prove the issue on their part, introduced Alexander D. Crane as a witness, who testified substantially as follows :

" I was Prosecuting Attorney at the time the first indictment was found and filed in this Court.

" *Question.*—Was the indictment altered after it was found?

" *Answer.*—In reading the indictment over I found the words " *and forty* " were left out in the description of the note, and I, without thinking, altered it.   It was the evening before the trial was had.   These two words only occur in the description of the note.

·" The Prosecuting Attorney then asked the witness what took place on the former trial.

"The witness answered that Mr. Barry was sworn as a witness; after this Mr. Hawkins made the statement, and objected that the alteration had been made, and I admitted it, and he was acquitted.

" On his cross-examination he said :

" My recollection is that when Mr. Barry was sworn,. and before the objection was made, he might [have answered· a question or two.   The note is correctly described in three or four other places in the first indictment.   I only made one alteration, and that was between the third and fourth lines of the third page of the indictment.

"This was all the evidence on the part of the People. The Court then charged the jury upon said question sub-stantially as follows:

"The issue joined between the parties and which you are to try, is a plea in bar or abatement, and which is to determine whether the defendant answer further to this indictment. A former indictment was found for the same cause or offense, and a jury was impanelled and a wit-ness sworn, and if that indictment was free from error, he is not liable to a second trial. But if the former indictment was not free from error, it could not be pleaded in bar. The question for you to find is whether the former indictment was free from error or not. The former indict-ment must be defective in a material point. Here the defect consists in the description of a note, and the question is, is that a material defect? I have no doubt myself, when a paper is alleged as the basis of the perjury, it would be such a defect as to invalidate the indictment, if not correctly set forth. It will be for you to find whether there was an alteration in a material point. I think it material, and the alteration by the Prosecuting Attorney would vitiate the indictment. It is not the indictment found by the grand jury. But this is a question for you to find. There is no question made about the right to amend. There is no evidence on that point. If the defend-ant could have been legally convicted on the indictment, as it stood, it would have been a bar; but if it was altered in a material point he could not have legally been con-victed on it. If you find the former indictment free from error, it will be your duty to find for the defendant on this issue. If it was not free from error, you will find for the prosecution. If there could have been a legal convic-tion on that indictment, you will find for the defendant.

"Defendant's counsel then requested the Court to charge the jury as follows:

"If the former indictment, on which the defendant was

tried and acquitted in this Court, was sufficient on its face, at the time the defendant was put on his former trial, and the jury impanelled and sworn, to authorize a conviction for the same offense charged in the present indictment, and the defendant was put upon parol evidence to show an alteration of the indictment by the Prosecuting Attorney, after presentment, then the jury, on this issue, must find for the defendant. Also that if the former indictment was sufficient on its face, in the condition it was at the time the jury were sworn and impanelled to try it, to authorize a conviction on the same charge as in this indictment, the defendant is entitled to a verdict in his favor on this issue."

The Court declined these requests, and the issue was found against defendant.

. The plea of not guilty being then interposed, the defendant was convicted on the merits.

*C. I. Walker*, for defendant.

*C. Upson, Attorney General*, for the People.

CAMPBELL J.:

The question of a former acquittal as a bar to a new indictment must always depend upon the substantial identity of the offenses charged, and on the validity in law of the first indictment. In the present case, it was admitted that the offense charged in the former indictment was the same now alleged. The former trial also appears of record to have been upon the indictment as produced and proved in the Court below. The evidence allowed to invalidate it did not go to show a *subsequent* alteration, but to prove an amendment made by the Prosecuting Attorney *previous to the trial*, without authority.

That a defendant could object to allowing such an amendment to stand is very clear. But the effect of such an objection would necessarily be, if allowed, to leave the

indictment in its original shape. And a defendant could, if he saw fit, abstain from raising such an objection, and therefore a prosecuting officer could not treat it as a nullity after proceeding to trial upon it. In the present case, as no amendment had been made to restore the indictment, to its original shape (supposing it to have been changed), it must of necessity be presumed either that no such restoring amendment was asked, or that if asked it was refused. The change alleged to have been made by the Prosecuting Attorney was also such an amendment as the Court would undoubtedly have allowed if applied for: *Comp. L.* § 6059. There can be no question but that the former trial was had upon the indictment as it now reads — as no evidence was offered tending to show the contrary. It is unnecessary therefore to consider the effect of any subsequent tampering with the record, because none is averred.

The only question, therefore, which could properly arise, was whether the indictment, as it reads, was sufficient in law to base a good conviction upon. If so, an acquittal under it would be conclusive. It was the duty of the Court to charge the jury upon its sufficiency, as that is a mere question of law. A question of fact could not arise upon any such previous alteration as was set up by the prosecution, because, for the reasons alluded to, it was immaterial, and no evidence should have been permitted on the subject.

The other Justices concurred.

*New trial directed.*