## P. A. PECK *v*. THE STATE.

CHARGE OF THE COURT. — The language of a charge of the court must always be construed with reference to the evidence which elicited it.

APPEAL from the District Court of Navarro. Tried below before the Hon. D. M. PRENDERGAST.

The gist of the evidence appears in the opinion. A term of two years in the penitentiary was the punishment assessed against the appellant.

*Halbert & Lee*, *W. Croft*, and *R. C. Beale*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The indictment simply charged the theft of "a certain beef-steer," the property of one Marion Martin. It was not only the theory, but all the evidence of the prosecution went to show, that the animal stolen was a red beef-steer, four or five years old, and worth $20. The defence showed that defendant had obtained permission from an agent of Martin to get up a two-year-old beef-steer, which he was to show to Martin, and if the latter agreed to

take $8 for it, that he should have it at that price. It was proven that defendant left $8 with a mercantile firm, as the price of a beef-steer, for Martin, which Martin received and used, after he had been informed that his red beef-steer had been sold by defendant. Defendant himself proved that he did get up a two-year-old brindle steer in Martin's mark and brand, which he said he had bought.

It is proven beyond controversy that defendant drove to Ennis and there sold the four-year-old red beef, worth $20. From the evidence it is further clear that about the same time defendant got two instead of one of Martin's beeves, and one of which it is not pretended he had any authority to take, and for which he never paid.

The court instructed the jury that " if the defendant was authorized by the agent of said Martin to take up a certain two-year-old steer (belonging to said Martin), and he took the steer and disposed of him, such taking and disposition would not be fraudulent; and if he did nothing more, he would not be guilty. But if the defendant, instead of taking the particular steer, intentionally took a different, and an older and more valuable steer, belonging to said Martin; or if he not only took this particular steer, but also took another (the property also of said Martin), and this was done without the consent of the owner or his agent, and with the fraudulent intention of depriving the owner of his property and of appropriating the same to his (defendant's) own use or benefit, he is then, in either of these events, guilty."

It is most seriously contended that the last clause of this charge is erroneous. We do not think so, especially when read in connection with the preceding clause. On the contrary, the two together cover entirely the issues in the case, and directly, forcibly, and concisely apply the correct principles of law to them. The jury, if men of ordinary intelligence (and we presume they were such), could not possibly have misconstrued or been misled by it. The language

of a judge's charge should, and must always be construed with reference to the facts upon which it is given. *The People* v. *Cook*, 10 Mich. 164.

The testimony of McFall, which is complained of, as stated in the record really amounts to nothing one way or the other, except that he went before the grand jury to prefer the indictment. He was not permitted to testify as to the means and extent of the information upon which he acted.

We have read with care the earnest and interesting brief of counsel, but they have failed to convince us that there is a reason to believe any error has been committed on the trial, and the judgment is therefore affirmed.

*Affirmed.*

CLARK, J., does not concur in this opinion.