## M. M. BROXTON *v.* THE STATE.

CHARGE OF THE COURT. — In a trial for conveying instruments into a jail with intent to facilitate the escape of a prisoner detained therein on an accusation of felony, the court below instructed the jury that certain indictments and *capiases* put in evidence by the State were "sufficient proof to establish the allegation contained in the indictment that F. A. Latimer, the person described in said indictments and *capiases*, was confined on an accusation of felony." *Held*, not a charge on the weight of evidence, but a proper explanation of the legal effect of the records of the court.

APPEAL from the District Court of Young. Tried below before the Hon. J. R. FLEMING.

A term of three years in the penitentiary was the punishment assessed.

*Arnold & Arnold*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. Appellant was indicted under art. 1946 (Rev. Penal Code, art. 210), for conveying into the jail of Young County certain tools and chemicals, with intent to aid and facilitate the escape of one F. A. Latimer, a prisoner then and there lawfully confined under two certain accusations of felony, etc.

On the trial, the State introduced and read in evidence the two indictments against Latimer, and the *capiases* upon which he was arrested and held by virtue of the charges preferred in said indictments. With regard to this portion of the evidence the judge instructed the jury as follows : " The jury are charged that the two indictments, the *capiases*, and the return of the officer thereon, introduced in evidence by the prosecution, is sufficient proof to establish or sustain the allegation contained in the indictment that F. A. Latimer, the person described in said indictment and *capias*, was confined on an accusation of felony." .

It is insisted that this charge is erroneous, because directly

upon the weight of evidence. We do not think so. The question was as to the legal effect of the indictment and *capias.* Being alone a question of law, it was a matter peculiarly within the province of the court to determine; and it was also the duty of the judge to charge the jury as to their effect and sufficiency. *The People* v. *Cook,* 10 Mich. 164. Being parts of the records of the court, they were subject to the rule that it is the duty of the court in a proper case to declare the legal effect of its records. *Martha* v. *The State,* 26 Ala. 72.

In Georgia, in a prosecution for aiding to escape from custody, it was held that the fact of custody is for the jury, and so also is the legality of that particular custody; it being the duty of the court to acquaint the jury with the needful rules of law, to enable them to distinguish legal from illegal custody, and let them make an application thereof to the facts in evidence. But the rule is based upon and supported by a statute of that State which expressly declares that the jury shall be the judges of the law as well as the fact. Code Ga., sect. 4646; *Habersham* v. *The State,* 56 Ga. 61.

There is no other question in the record requiring special adjudication. The trial appears in every respect to have been a fair and impartial one, in which the defendant's guilt was fully established; and the judgment is therefore affirmed.

*Affirmed.*