## MARTHA (A SLAVE) *vs.* THE STATE.

1. In an indictment for arson under the Code, as at common law, the ownership of the house burned must be alleged, and must be proved as laid.
2. If the proof of the ownership varies from the allegation, and a *nolle pros.* is thereupon entered, this is no bar to a subsequent prosecution under a second indictment, in which the ownership is alleged to be in a different person; and if the second indictment contains several counts, in one of which the allegation of ownership is the same as in the first indictment, and the defendant pleads to the whole indictment *autrefois acquit* and discontinuance, the record of the former prosecution does not sustain either plea.
3. It is the duty of the court to declare the legal effect of a record which is offered to sustain the plea of *autrefois acquit* or discontinuance, and the record itself cannot be gainsayed by parol evidence; therefore, the court may charge the jury that the pleas are not sustained by the proof, when that is the fact.

ERROR to the Circuit Court of Dallas.

Tried before the Hon. NAT. COOK.

The plaintiff in error was indicted, at the Fall term, 1854,

for arson.  The indictment contained four counts, of which the first alleged the house burned to be "a dwelling-house of James E. Todd"; the second, "a dwelling-house, the property of James E. Todd, occupied as a dwelling-house at the time aforesaid, to-wit, before the finding of this indictment, by Allen W. Coleman"; the third, "a dwelling-house, the property of James E. Todd, and occupied at said time by Allen W. Coleman"; and the fourth, "a dwelling-house of Allen W. Coleman."  The prisoner pleaded, in short by consent, 1st, not guilty ; 2d, *autrefois acquit;* and 3d, that the prosecution was discontinued by the State, at the last term of the Circuit Court of said county, by dismissing the same.

On the trial, the prisoner proved, to sustain her pleas, that at the last Spring term of the court she had been put upon her trial on an indictment, found against her at that term of the court, for burning "a dwelling-house of Allen W. Coleman"; "that she pleaded not guilty to that indictment, and a jury was thereupon elected, empanneled, and sworn to try said indictment ; that all the witnesses in said cause were examined, and the solicitor for the State, then finding that the proof showed the house burned, which was alleged in the indictment to be the property of Allen W. Coleman, belonged to one James E. Todd, dismissed the prosecution, against the consent of the defendant, and obtained leave of the court to file another indictment ; and that the jury was then discharged, without defendant's consent.  The defendant further proved, by all the witnesses of the State, that the arson charged in the present indictment was the same identical arson about which they were examined at the said Spring term of the court ; that the house set on fire was the same about which they were then and now examined, and the burning and attempt to burn the same."  The order of dismissal rendered at the previous term, which is copied into the bill of exceptions, after stating the variance between the allegation and proof of ownership, proceeds thus : "The prisoner refused to allow an amendment, so as to make the allegation correspond with the proof ; and thereupon the solicitor dismissed this prosecution, and moved the court to re-commit the prisoner, to answer a new indictment ; which motion is granted, and the prisoner re-committed as aforesaid."

" The foregoing being all the evidence before the jury, the court charged them, that the pleas of *autrefois acquit* and discontinuance were not sustained by the proof; to which charge the defendant excepted", and which she now assigns for error.

GEO. W. GAYLE and WM. M. MURPHY, for plaintiff in error.

M. A. BALDWIN, Attorney General, *contra.*

CHILTON, C. J.—The counsel for the prisoner is mistaken, in supposing that the Code does not require the ownership of the house alleged to have been burned to be averred in indictments for arson.—See forms Nos. 52 and 53, pp. 704-5. The Code makes no change upon the common law in this respect. East (in his Crown Law, p. 1034) says, "It is plain an indictment for arson must, upon the face of it, appear to be of the house of another, and it must also state whose house, and with that the proof must agree."

In this case, it appears the proof did not agree, upon the trial of the first indictment, with the averment of ownership, and the defendant failing to consent to an amendment (as provided for by the Code, §§ 3529-30-31); a *nolle pros.* was entered, and a new indictment was preferred and found by the grand jury, in which the ownership of the house was averred to be in another and different person from the one charged to be the owner in the first indictment. This appears to conform substantially to the provisions of the Code above referred to.

If, however, the withdrawal of the cause from the jury, upon the trial of the first indictment, could be regarded as a discontinuance of that prosecution, or was equivalent to an acquittal of the offence there charged, it is perfectly clear, that a discontinuance of a prosecution for wilfully and maliciously burning the house of Allen W. Coleman, or an acquittal upon an indictment for such offence, would be no bar to a subsequent prosecution upon an indictment for arson in burning the house of James E. Todd. We have seen, that the indictment must aver whose house it was, and that no conviction can be had unless the proof sustains this averment. 2 East's Crown Law 1034. Why is this? The reason is obvious : the record of the conviction would otherwise furnish

no bar to a subsequent indictment charging the arson to be of a dwelling-house the property of another person than the one named in the first indictment as the proprietor of the house. In other words, it would be to charge the prisoner with burning one house, and to find her guilty of burning another.

As, therefore, the offences charged in the two indictments are distinct and different, the record showing the discontinuance of, or acquittal upon the prosecution of the one, would be no bar to a prosecution for the other.

It may be said, however, that one count in the last indictment is for burning the dwelling-house of Coleman, and that this count agrees with the first indictment. So it does; but the pleas go to all the counts, and not merely to this one. The prisoner's counsel insisted upon the former record as a complete bar to the several counts, one of which charges the house to be the property of James E. Todd; another charges the burning of a dwelling-house of James E. Todd, occupied at the time by Allen W. Coleman.

As the record showed the two indictments to be for different offences, and as a record cannot be gainsayed by parol evidence, it was entirely proper for the court to charge the jury that the pleas of *autrefois acquit* and discontinuance were not sustained by the proof. This was no invasion by the court of the province of the jury ; for it was the duty of the court to declare the legal effect of the record insisted upon by the prisoner as sustaining her pleas. As a matter of law arising upon the effect of the record, the pleas remained wholly unsustained.

We do not entertain a doubt as to the correctness of the ruling of the primary court. Its judgment is consequently affirmed, and the sentence of death, pronounced by said court upon the prisoner, must be carried into execution.