## DOMINICK vs. THE STATE.

[INDICTMENT FOR OBTAINING GOODS BY FALSE PRETENSES.]

1. *Former acquittal.*—An acquittal under an indictment for the larceny of goods, is no bar to a subsequent prosecution for obtaining the goods by false pretenses, although the same evidence is adduced by the prosecution in each case.

2. *Practice in joining issue on pleas of not guilty and former acquittal.*— When issue is joined on the pleas of not guilty and former acquittal, it is irregular to submit the two issues to the jury at the same time; but, if the defendant interposes the two pleas together, in a case of misdemeanor, and goes to trial on both at the same time without objection, he thereby waives the irregularity; yet, if the jury find a

verdict of not guilty, and fail to pass on the special plea, no judgment can be rendered against the defendant.

FROM the Circuit Court of Perry.
Tried before the Hon. JOHN MOORE.

THE indictment in this case, which was found in May, 1867, charged that the prisoner, Martin Dominick, "did falsely pretend to John W. Mackey, with intent to defraud, that he was authorized by one John Boyd to buy some goods from the said Mackey, and have them charged to the said Boyd, and it would be all right; and, by means of such false pretense, obtained from the said Mackey one pair of shoes, and two plugs of tobacco; against the peace and dignity," &c. "On the trial," at the same term, as the bill of exceptions states, "the defendant pleaded, in short by consent, former acquittal and not guilty; upon which pleas issue was joined by the State, and both pleas were submitted to the jury at the same time. Upon said issue joined on the plea of former acquittal, the defendant introduced in evidence the record of a trial had at the present term of the court, under an indictment against the defendant for the offense of petit larceny; which trial was had on issue joined on the plea of not guilty, and the defendant was found not guilty by a jury regularly sworn and empanneled, and judgment was accordingly rendered by the court, discharging him, as appears of record. It was admitted that, on said former trial, there was evidence to show that the offense charged therein was committed more than twelve months before the finding of the indictment; that no prosecution had been commenced against the defendant, within that time, for said offense, under the name of petit larceny; but that a prosecution had been commenced against him within that time, for the same offense, under the name of obtaining goods under and by false pretenses, by a warrant issued by the judge of the county court, sitting as a committing magistrate. It was admitted, also, that said former indictment was for stealing the identical goods, and none other, for which the present indict-ment was found, and was found by the same grand jury;

that said first indictment was for identically the same offense, and none other, for which the present indictment was preferred; that identically the same evidence, and none other, was the evidence on which both of said indictments were found; that both indictments were for one and the same transaction; and that both trials were had on the same evidence, and none other, except that, in this case, the prosecution was shown to have been commenced within twelve months, and not in the other case. Upon the evidence and the record, the defendant insisted before the court, that he was entitled to a verdict of acquittal; which the court refused to direct, and the defendant excepted to the refusal. Then, after argument of counsel, the court charged the jury, amongst other things, that if they believed, from the evidence, that no prosecution was commenced against the defendant, growing out of the transaction of petit larceny, (and it was admitted that there was none, except for obtaining goods under false pretenses,) then it would be a legal impossibility to convict the defendant under said indictment for petit larceny, and his acquittal under that indictment would not prevent a conviction under this. To this charge the defendant excepted." The jury returned a verdict of guilty, and assessed a fine of five dollars against the defendant.

MOORE & LOCKETT, for the prisoner.
JOHN W. A. SANFORD, Attorney-General, *contra.*

A. J. WALKER, C. J.—"A former acquittal is no bar to a subsequent prosecution, unless the accused *could have been* convicted upon the first indictment, upon proof of the facts averred in the second."—*King v. Vandercomb & Abbott*, 2 Leach's C. C. 708; *S. C.*, 2 Leading Criminal Cases, 542, 552; *State v. Johnson*, 12 Ala. 840; 1 Bishop on Criminal Law, 886.

Proof of the facts averred in the indictment for procuring goods by false pretenses, would not sustain an indictment for larceny. The constituents of the two offenses are not identical, and neither includes the other. It follows, therefore, that an acquittal of larceny can not be a defense to

an indictment for procuring goods by false pretenses. In England, one indicted and acquitted of obtaining goods by false pretenses, can not afterwards be indicted upon the same facts as for a larceny.—1 Archb. Cr. Pl. 112; *Regina v. Henderson*, 2 Moody, 192; *S. C.*, 1 Carr. & Marsh. 328. This results from a statute, allowing a conviction for larceny under an indictment for obtaining goods by false pretenses, as will be seen by reference to the cases cited above. It seems clear from the same authorities, as it is upon principle, that an acquittal of larceny does not protect against a prosecution for obtaining goods by false pretenses.—See 2 Leading Criminal Cases, 555.

The fact that an attempt was made to procure a conviction of larceny, upon the same evidence introduced to support the subsequent prosecution for obtaining goods by false pretenses, is no bar to a prosecution for the latter. 1 Bishop on Cr. Law, 896.

We do not think that any argument, in support of the plea of *autrefois acquit*, can be drawn from the practice in reference to an election by the State as between several counts of an indictment.

2. The practice of submitting to the jury the issues on the plea of *autrefois acquit* and not guilty, at the same time, has been pronounced by this court irregular, in the cases of *The State v. Nelson*, (7 Ala. 610,) and *Henry v. State*, (33 Ala. 389); but it has never been decided, that the irregularity constitutes a reversible error, when no objection was made in the court below. The defendant who pleads the two pleas together, thus tendering the two issues together, and goes to trial upon them together without objection, must be presumed, in such a case as this, to waive the irregularity. What our ruling would be in a case of felony, we do not decide. Upon the subject of submitting both the issues to the jury at the same time, we remark that it is better, in all cases, to have the issue on the plea of former acquittal always passed on before the plea of not guilty.

There must be a reversal of this case, because the jury did not·pass upon the plea of former acquittal, and only rendered a verdict on the plea of not guilty. The defendant

had a right to have a verdict on his plea of former acquittal; and in the absence thereof, it was erroneous to render judgment.—*Solliday v. Commonwealth*, 4 Casey, 13; 1 Bish. on Crim. Procedure, 578; *Nonnemaker v. State*, 34 Ala. 21.

Reversed and remanded.