STATE OF MISSISSIPPI v. WILLIAM R. CASTON.

[50 South. 569.]

CRIMINAL LAW AND PROCEDURE. *Embezzlement. Bank cashier. Indictment. Code 1906, § 1436. Autrefois acquit. Balance of account. Specific items.*

Where a bank cashier was indicted, tried for and acquitted of embezzling the funds of the bank, the indictment, as shown by a consideration of it as a whole, being predicated of Code 1906, § 1436, providing that in an indictment for embezzlement of money by a treasurer, cashier or other fiduciary it shall be sufficient to describe the same as a "balance of account" of a dessignated value, the judgment will support a plea of *autrefois acquit* to any other indictment against him charging the embezzlement of a specific sum which came to his care before the finding of the first indictment, although it contained no affirmative averment, in the language of the statute, that the money charged to have been embezzled was a "balance of account."

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Caston, appellee, was indicted for embezzlement, the charge being that he embezzled $172.82 which had been deposited in a bank of which he was the cashier. To the indictment he pleaded *autrefois acquit,* the plea being predicated of a previous trial and acquittal under an indictment against him charging that $100,000 of the bank's money came to his care and that he embezzled $60,478 thereof. The first indictment was preferred subsequently to the date on which it was claimed that the $172.82 was embezzled. The state's demurrer to the plea being overruled, it filed a replication, simply denying that the first indictment was for embezzling a "balance on account." The defendant's demurrer to the replication was sustained and judgment final was entered—the state declining to plead further—for defendant, and the state appealed to the supreme court. Other facts are stated in the opinion of the court.

*J. B. Stirling.,* attorney-general, for appellant.

Counsel contended that the first indictment did not embrace the specific embezzlement charged in the present one and cited the following authorities: *Brown v. State,* 72 Miss. 95; Wharton's Crim. Law (10th ed.) 377; *Rocco v. State,* 37 Miss. 357; *Newman v. State,* 72 Miss. 124; *Crumpler v. Vicksburg,* 89 Miss. 214, 42 South. 673.

*J. W. Cassedy,* for appellee.

Counsel contended that the first indictment did embrace the specific embezzlement charged in the present one and cited the following authorities: *Hemingway v. State,* 68 Miss. 471; *Richberger v. State,* 90 Miss. 806; *Starling v. State,* 90 Miss. 252, 255; *Thomas v. Yazoo City,* 48 South. 821; 9 Ency. P. & P. 633, note 2; 1 Bishop's New Criminal Law, sec. 1051.

MAYES, J., delivered the opinion of the court.

It is beyond question on this record that the first indictment against Caston, and the one on which he was tried, was an indictment under section 1136 of the Code of 1906, and the procedure was under section 1436 of the Code; and, this being the case, there can be no further prosecution of Caston, on the part of the state, for any act of embezzlement committed by him, while engaged in the particular fiduciary capacity specified in the indictment, at any time prior to the finding of the indictment. If the state does not want to bring about this result, it must conduct its prosecutions for embezzlement in the common-law way, and not undertake to take advantage of a statute, enacted solely for the purpose of removing the many obstacles with which it was frequently confronted in prosecutions for embezzlement, in being required to allege and prove the specific act. In the case of a person constantly receiving things of value for deposit, coming from various sources and at various times, as in the case of a bank cashier, or other person acting in a similar fiduciary character, it was oftentimes exceedingly

difficult to make that specific proof required by the common law on an indictment for embezzlement of a person acting in the above character.   It was found equally difficult for the indictment to so particularize.   The state would have no difficulty in showing a general shortage on the balance of account; but the specific acts of embezzlement were often so adroitly concealed that they could not be discovered, many times resulting in a defeat of justice.   It was to overcome this difficulty that section 1436 of the Code was enacted, which provides that: "In an indictment for embezzlement of money or funds by a treasurer, cashier, or other fiduciary, it shall be sufficient to describe the same as a 'balance of account' and of a certain value." or spiritual purposes.

When the state proceeds under this section, its effect is to arraign the fiduciary on all the facts occurring prior to the finding of the indictment, and, when so arraigned and tried, its effect is to preclude further prosecution as effectively as if an expert bookkeeper had gone through the whole account, discovering each day, time, and amount of the embezzlement, and the party so charged had been indicted and tried on each separate act.   When we examine the indictment on which Caston was tried, we see that it is an almost literal compliance with the language of the statute.   We would be blind to justice and forgetful of the purpose of this statute if, in the face of these facts, we did not hold that the state was precluded from further prosecution, even in the face of the fact that the indictment does not charge that the sixty-odd thousand dollars charged to have been embezzled was a "balance of account" in the exact language of the statute.   The whole indictment must be considered in the light of the proof admissible under it, and in so doing no doubt exists as to whether or not it was drawn under this statute.   Let us examine it for a moment.   The indictment charges the fiduciary character—i. e., it charges that Caston was the cashier, agent, employe, etc., of the Pike County Bank; that while acting as cashier there was entrusted to his

keeping and care a large sum of money, to wit, $100,000, of
the money and property of the bank; that then and there, and
while acting in the above capacity, and being intrusted with the
funds, he embezzled the sum of $60,478, etc. The above in-
dictment, being the one on which Caston was tried, covered his
fiduciary capacity, and arraigned him on same for a period of
time beginning on January 16, 1905, and ending September 8,
1908. The other indictment, on which it is now sought to try
Caston, arraign him for the same period of time, about a default
occurring in the same fiduciary capacity, differing from the first
indictment only in the fact that it is alleged that a different
amount was embezzled.

We think the court below was correct in holding that this
could not be done, and the action of the court below in so hold-
ing is approved.                    '                    *Affirmed.*