Daniel C. McInnis v. State of Mississippi.

[52 Miss. 634.]

1. Criminal Law and Procedure. *Embezzlement. Statutory offense. Statutory construction.*

Embezzlement is a statutory and not a common-law crime, and a criminal statute in derogation of the common law must be strictly construed in favor of the accused.

2. Same. *Same. Double punishment. Two offenses.*

A criminal statute must be construed against the making of two separate and distinct offenses of the same act, so that double punishment would result, unless such double punishment is clearly within the language and intendment of the statute.

3. Same. *Same. Code 1906, § 1141.*

Code 1906, § 1141, making it an offense for any state or county officer to unlawfully convert to his own use any money coming to his hands by virtue of his office, or to fail, when lawfully required, to turn over money according to his legal obligations, creates but the one offense of unlawfully misappropriating funds, and such offense may be shown either by an unlawful conversion thereof, or by an unlawful failure to turn over the same when required by law so to do; and a tax collector, convicted of embezzlement for failing to pay over funds at the end of his term, as required by law, may not be prosecuted for converting such funds to his own use.

From the circuit court of Simpson county.

Hon. Robert L. Bullard, Judge.

McInnis, appellant, was indicted and tried for and convicted of embezzlement, and appealed to the supreme court. The facts as stated by Anderson, J., were as follows:

At the May term, 1908, the appellant was indicted in two counts as follows:

First Count. "That D. C. McInnis on and from the first Mon-

day of January, 1904, until the 6th day of January, 1908, was the legally qualified and acting sheriff and tax collector of Simpson county, Mississippi, and as said tax collector had and received, during the time intervening between the 1st day of October, 1907, and the 6th day of January, 1908, sixty-two thousand and seven hundred and twenty-nine and forty-six one hundredths dollars ($62,729.46), being moneys respectively of Simpson county and of the state; that the term of office of the said D. C. McInnis expired on the 6th day of January, 1908, and that it then and there became his (the defendant's) duty to pay over to the county treasurer of Simpson county and to the state treasurer all moneys then and there being in his possession as tax collector aforesaid, as each the said county and state should be entitled thereto of said moneys; that on the said 6th day of January, 1908, Geo. R. Edwards legally qualified and entered upon the duties of state treasurer of the state of Mississippi, and it then and there became and was the duty of the said D. C. McInnis to pay over to the said state treasurer all money in his (defendant's) possession belonging to the state, which said sum due the state should under the laws have been paid not later than the 16th day of January, 1908, said sum of money aggregating $20,155; but that defendant on said 16th day of January, 1908, and on divers days before and after said date, disregarding his duty to pay over and deliver said sum of $20,-155 to said G. R. Edwards, state treasurer, did then and there in the county aforesaid willfully and fraudulently and feloniously defraud the state of the sum of approximately ten thousand dollars by willfully and feloniously omitting to comply with his duty to deliver and pay over, on the expiration of his term of office as said tax collector, to said G. R. Edwards, state treasurer, a portion of said money to the state which he had received as tax collector of Simpson county, Mississippi, and which

remained in his hands on the 6th day of January, 1908, amounting to approximately ten thousand dollars."

Second Count. "And the grand jurors aforesaid upon their oaths aforesaid do further present and charge that D. C. McInnis, being sheriff and tax collector of Simpson county, Mississippi, for the term of four years beginning the first Monday of January, 1904, and ending on the 6th day of January, 1908, during that time of said term intervening between the 1st day of October, 1907, and the said 6th day of January, 1908, received as tax collector aforesaid the sum of sixty-two thousand seven hundred twenty-nine and forty-six hundredths dollars ($62,729.46), of moneys belonging to said Simpson county and to said state aforesaid, and that on divers days between the dates last aforementioned in the county aforesaid did willfully, fraudulently, and feloniously embezzle and convert to his own use a portion of said sum of moneys intrusted to him and received into his hands as said tax collector, amounting to nine thousand three hundred ninety-nine dollars ($9,399), against the peace and dignity of the state of Mississippi."

At the May term, 1909, appellant, after some kind of arrangement with the state as to the punishment, first entered a plea of guilty as to both counts, withdrew it, and then pleaded guilty as to the first count of the indictment, and was sentenced to imprisonment in the county jail for one year and payment of costs, and the indictment ordered to the files of the court. In October, 1909, the judge ordered the indictment withdrawn from the files, redocketed, witnesses subpœnaed, and defendant (who was in jail serving the sentence theretofore imposed) rearrested, the case to stand for trial at the November term, 1909, which order was complied with, and a trial had on the second count of the indictment, resulting in a conviction and sentence of seven years in the penitentiary. Before going into the trial the appellant

interposed a plea of *autrefois convict,* which, leaving off the indictment (copied into the plea), is as follows:

"Comes the said D. C. McInnis, in his own proper person, into court here, and, having heard the indictment read, says: That the state of Mississippi ought not further to prosecute the said indictment against him, the said D. C. McInnis, in respect to the offense in said indictment mentioned and purported to be charged, because he says that heretofore, to wit, on the 2d day of June, 1908, at a circuit court begun and holden in the town of Mendenhall, in the county of Simpson, state of Mississippi, the grand jurors selected, impaneled, and sworn in and for said county of Simpson, in the name and by the authority of the state of Mississippi, upon their oaths, presented an indictment against him, the said D. C. McInnis, which said indictment is in words and figures following, to wit: * * * To which indictment the said McInnis pleaded not guilty, and the said state of Mississippi joined issue on said plea. That afterward, to wit, on the —— day of May, 1909, in said circuit court, with full and complete jurisdiction to try said defendant on said charge, a jury was duly and regularly impaneled and sworn to try said issue joined as aforesaid, and the cause proceeded to trial, and several witnesses were offered by the counsel prosecuting for the state, who gave evidence to establish defendant's guilt of the charge contained in the said indictment hereinbefore set out, which is the same indictment upon which this defendant is now about to be put upon his trial; and that after several witnesses were examined for the state this defendant was advised by his attorneys that if he should withdraw his plea of not guilty theretofore entered and plead guilty to the first count to said indictment herein set out, that the other charges against this defendant should and would be passed to the files, and defendant would be sentenced by the court to serve a twelve-month term in the county jail of said county, and said defendant being so

advised, and believing that such course would satisfy the state's prosecution against him on all the charges it held against him, he consented and withdrew his plea of not guilty, and entered a plea of guilty to the first count in said indictment, answering, in response to the court's inquiry if that was his plea, to wit: 'Yes, sir; under the conditions as I understand them.' Reference to the file of court papers in said cause and the minutes of the court in said proceeding is hereby made and prayed to be taken and considered in connection herewith as a part hereof, and; if proper or required, that a complete transcript of all the pleadings, proceedings, orders, and the stenographer's notes be filed and considered in connection herewith as a part hereof as if fully copied herein. That judgment of conviction of this defendant on said charge was accordingly entered on the minutes of said court, which said judgment still remains in full force and effect and is final, and this defendant is now serving his one-year term in the county jail of said county in satisfaction of said judgment and sentence.

"Said defendant further shows: That he, the said D. C. McInnis, is the same D. C. McInnis so indicted and convicted; that is, that he is one and the same person, and not another and different person. That the offense of which defendant was so convicted as aforesaid is the same offense as charged in the indictment upon which he is now being sought to be tried, and that every fact or question or issue material to the determination of the guilt or innocence of this defendant of the charge on which he was convicted is identical with the facts and questions and issues material to the determination of the charge for which he is now about to be put upon his trial, and the indictment upon which this defendant was tried and convicted as aforesaid is the identical indictment upon which he is now being sought to be tried, and the said former and present prosecutions rest upon the facts adjudicated in the said former conviction. All of

which matters and things, the said McInnis is ready to verify. Wherefore he prays the judgment of this court if the state of Mississippi ought further to prosecute the said indictment against him, the said D. C. McInnis, in respect of the said offense for which he has been duly and lawfully convicted, and for which his offense he is now paying the penalty with his liberty in the jail of said county; and he further prays that he may be dismissed and discharged from the said indictment, and from any further prosecution thereunder."

On motion this plea was stricken out as frivolous; the appellant moved to quash the indictment, offering proof to support such motion, which was denied by the court; then a demurrer to the indictment was filed, and stricken from the files; then motion for bill of particulars, which was overruled; then motion for change of venue, and evidence to support same, which was denied; then the disqualification of the judge was suggested by appellant's attorneys, and thereupon he adjudged them in contempt of court, and struck the suggestion from the files; and then the witnesses were introduced and gave their testimony, and after being instructed by the court, and the case argued, the jury returned a verdict of guilty.

The first count of the indictment, to which the appellant pleaded guilty, charges that between the 1st of October, 1907, and the 6th of January, 1908, the end of his term, there came into his hands funds belonging to state and county to the amount of $62,729.46; that of this amount he was required at the end of his term to pay over to the state treasurer $20,155 of which amount he failed to so pay over approximately $10,000. The second count charges receipt of the same amount of money by the appellant between the 1st of October, 1907, and the 6th of January, 1908, $62,729.46, belonging to the state and county, of which he converted to his own use $9,399. The testimony indisputably shows that the funds embezzled under the second

count of the indictment were a part and parcel of the funds appellant failed to turn over under this first count, to which he plead guilty, thereby establishing the facts set up in the plea of *autrefois* convict.

*R. N. & H. B. Miller* and *May & Sanders,* for appellant.

Each count in the indictment charged the same crime.

Embezzlement is not a crime at common law, but is a purely statutory crime. Code 1906, §§ 1141, 1142, 1143 and 1144 are the only statutes which denounce embezzlement against public officers. They all define embezzlement, but simply in four separate forms.

When the state charges embezzlement in either form, or in separate forms in different counts in the same indictment, and elects to prosecute only in one form, then all the other forms of embezzlement are merged into the one elected and a conviction or acquittal on that is conclusive on the state. To quote the language of a learned author, when the same crime is charged in varying forms, an election of one form concludes the state, "the law permits her to carve once, but when she decides to elect she can not carve again, because that would violate the constitutional guarantee against prosecution and punishment twice for the same offense."

The doctrine of merger is correctly stated as follows: Whenever a single criminal act is denounced in varying forms as several crimes, one act is divided by law into several crimes, these several forms of crime may be properly joined in the same indictment, as assault and assault and battery and assault and battery with intent, etc., may in separate counts be all joined with murder in the same indictment. The prosecution in such case may be compelled to elect which one it will proceed upon, but when it does elect, then all the other crimes charged merge into and are disposed of forever with the one so elected. Under

the constitution a man can only be punished once for the same crime which means the same criminal act. Any other rule would be monstrous. In the case put, if the rule were otherwise, the defendant might be first tried and punished for assault, and the other counts filed, and when he got through with that, he could be tried for assault and battery and so on to murder and he would be tried and punished for several crimes which consisted of one criminal act.

It is perfectly proper to join different crimes if of a kindred nature in the same indictment, as burglaries, larceny and burglary, seduction and rape, embezzlement and larceny, etc.; but in each case these are different crimes and though in point oftentimes close together, and of kindred nature yet they are separate criminal acts. The burglar for instance first breaks and enters, then he takes, steals and carries away.

An election, however, in such case would not merge the other crimes. See *Teat v. Teat,* 53 Miss. and *Jones v. State,* 66 Miss. These were different criminal acts, however.

It is only necessary to determine if the "failure to pay over and embezzlement of part of the same fund was the same criminal act which has been divided into two crimes in order to determine if the plea of *autrefois acquit* ought to have prevailed, instead of being stricken out as it was. The crime is the same. If a public officer fails to pay over money collected he is guilty of one form of embezzlement, if he converts to his own use this same fund, he commits embezzlement.

The law says if a public officer collect money and fail to pay it over at the end of his term, or if he keep it for himself, in either he is guilty of embezzlement. It is one and the same criminal act, to wit: the method of disposition of the money collected.

If correct in this it follows certainly the plea ought to have prevailed, for as said by this court in the *Jones case,* 66 Miss.

384 "Under such circumstances an acquittal under the indictment for the principal offense bars subsequent prosecution for any of its ingredient offenses."

We press upon the court therefore the distinctions here involved. If I fire one shot and kill two men, I may be indicted for killing both even in the same count, but acquittal of killing one in case of forced election which I am entitled to have, will bar prosecution for killing the other. Why? Because it is but one criminal act and I can only be punished once for that.

If I fire two shots at the same instant and kill two men, one with each shot, then I must be indicted separately for each and the acquittal or conviction of one will not bar the other, because they are separate criminal acts.

The public officer collects money, he is guilty of crime if he either convert or fails to pay over. It is the same criminal act. He keeps the money of the people and they lose it utterly in either case.

We repeat the plea of former conviction on the state's election or consent for the offense charged in the first count, barred the prosecution on the second count and the verdict ought to be set aside and the indictment quashed?

*James R. McDowell,* assistant attorney-general, for appellee.

Counsel cited the following authorities: *People v. McDaniels,* 92 Am. St. Rep. 81, 92 Am. St. Rep. 152; *Ex Parte Neilson,* 131 U. S. 176, 33 L. Ed. 118; *Pearson v. State,* 48 South. 812; *Rocco v. State,* 37 Miss. 367; *Brooks v. State,* 46 Miss. 491; *Monroe v. State,* 27 South. 364; *Railroad Co. v. Smith,* 50 South. 241.

Argued orally by *George W. May,* for appellant, and by *James R. McDowell,* for appellee.

Anderson, J., after stating the facts as above, delivered the opinion of the court.

Under the facts of this case it becomes necessary to consider one question alone, which goes to the root of the whole matter, and that is whether the plea of *autrefois convict* presents a good defense.　The indictment was drawn under Code 1906, § 1141, Code 1892, § 1063; Code 1880, § 2787), which provides: "If any state officer or any county officer　*　*　*　shall unlawfully convert to his own use any money or other valuable thing which comes to his hands or possession by virtue of his office or employment, or shall not, when lawfully required to turn over such money or deliver such thing, immediately do so according to his legal obligation, he shall, on conviction, be imprisoned in the penitentiary not more than twenty years, or be fined not more than one thousand dollars, or imprisoned in the county jail not more than one year."

This statute is an exact transcript of Code 1892, § 1063, and substantially the same as Code 1880, § 2787, except the substitution of the disjunctive "or" for the conjunctive "and" between the words "employment" and "shall," and the punishment is increased.　It is contended on behalf of the state that the statute makes two separate and distinct offenses of the unlawful appropriation of the funds, namely, the unlawful conversion, and the unlawful failure to turn over and deliver; while for the appellant it is claimed that both clauses of the statute define only one offense, embezzlement, which may be charged and proven in either one of the ways laid down, the unlawful appropriation, or the unlawful failure to turn over.　In construing the statute, it should be borne in mind that embezzlement is a statutory crime.　No such offense was known to the common law.　1 Bishop, Crim. Law (8th ed.) § 567; *Hemingway v. State,* 68 Miss. 371, 8 South. 317.

In the latter case, referring to Code 1880, § 2787, the court

97 Miss.—19　.

held that it was the "creation of an offense, prior to the adoption of that Code, unknown to our jurisprudence." Under well-known rules of construction, a criminal statute is strictly construed in favor of the defendant, and so when in derogation of the common law, and against the making of two separate and distinct offenses of the same act—double punishment, which must be clearly within the language and intendment of the statute. Of the purpose of this statute, the court uses the following language in the *Hemingway case, supra:* "It is at once a collection law and a penal statute. Its terms show unmistakably that it was designed to prevent *unlawful* (not fraudulent and felonious) conversions by officers, trustees, agents, attorneys, bankers, and others, and to coerce the paying over immediately, when required to do so, according to the legal obligation of the offender. It was intended to punish the *unlawful* (not fraudulent and felonious) conversion and *not* paying over immediately when required to do so. There must be both an *unlawful* conversion *and,* joined or added thereto, a failure immediately to pay over the thing converted when required. Where there has been an unlawful conversion, under this section, and an immediate restoration when required, the offense does not exist. It is a conversion without wilful and felonious intent which is created an offense—a merely *unlawful* conversion and a refusal or failure to restore which this section defines and punishes."

Evidently the purpose of the legislature in substituting, in Code 1892, § 1063, Code 1906, § 1141, the disjunctive "or" between the first and second clauses of the statute, instead of "and," was to make it easier to prove the unlawful conversion, so that it could be proven either under the first clause, by showing an unlawful appropriation, or under the second clause, by showing an unlawful failure to turn over. The statute is designed for the security of the funds in the hands of the fiduciary.

That was the end sought to be accomplished. The object was to punish for an unlawful appropriation to his own use, and this may be done by showing either an unlawful conversion or an unlawful failure to turn over when required by law so to do. Both are denounced by the statute as one embezzlement, which may be charged and proven in either one of two ways. When it is charged and proven, and there is a conviction under one clause of the statute, the defendant cannot be convicted under the other clause 'for embezzlement of the same funds, or any part thereof. There is nothing in the statute which indicates a design to create two offenses and inflict double punishment. In *State v. Gillis,* 75 Miss. 331, 24 South. 25, this language is used: "Under section 1063 of the Code of 1892, the use of the word 'or,' instead of 'and,' makes either of these things a felony." However, that statement was dictum. In construing the indictment in that case, the court held that its purpose was to charge an unlawful conversion by the defendant, by charging failure to pay over the funds as required by the decree of the court, thus indicating that there was only one crime which could be alleged and proven under either clause of the statute.

In view of the facts of this case, and the holding that the statute makes only one offense of the unlawful misappropriation of the same fund, under the authority of *State v. Caston,* 96 Miss. 183, 50 South. 569, the judgment is reversed, and appellant discharged from further prosecution.

*Reversed.*

Smith, J., dissented.