# Brown v. City of Tuscaloosa.

### Violating City Ordinance.

(Decided April 20, 1916.   71 South. 672.)

1. **Criminal Law; Former Jeopardy.**—To have been put in former jeopardy a defendant must have been put to trial for the same offense, or one of the same species of offense supportable by the same evidence, or else the one crime must have been an essential ingredient of the other; the mere improper introduction on the former trial of evidence not used to support the present charge does not constitute former jeopardy.

2. **Indictment and Information; Variance; Crime.**—A crime charged as of one date may be established by proof of its occurrence on another date, but the crime proved must antedate the charge on which a defendant is being tried, otherwise there is a fatal variance.

3. **Same; Evidence; Time.**—Where the prosecution is for crime, evidence of an offense committed by defendant later than the charge upon which defendant is being tried is inadmissible and will not support a conviction.

4. **Criminal Law; Former Jeopardy.**—A former acquittal is no bar to a subsequent prosecution unless defendant could have been convicted under the first indictment upon proof of the facts averred in the second.

5. **Same; Pleading.**—Where each of defendant's special pleas of former jeopardy averred that he had been formally put in jeopardy, and tried for the same offense now charged, he was not entitled to a discharge on the ground that though the pleas were insufficient in their averments of fact, yet the evidence sustained them as framed, and hence defendant was entitled to judgment.

APPEAL from Tuscaloosa County Court.

Heard before Hon. HENRY B. FOSTER.

Will Brown was convicted of violating a city ordinance, and he appeals. Affirmed.

.· Defendant was convicted of ·violating a prohibition ordinance of the city of Tuscaloosa on a warrant issued. by the recorder on May 21, 1914. He appealed to the county court, and was there tried on December 4, 1914, and convicted on the charge of doing prohibited acts "on · or about May 21,. 1914." On that trial he filed several special pleas setting up a former trial and acquittal on the same charges now presented. This issue was tried on an agreed statement of facts by the court without a jury, and found against the defendant. Thereupon, the general affirmative charge on the general issue being refused to the defendant, he was found guilty by the jury, and there was judgment accordingly. The facts offered in support of these special pleas so far as they are .pertinent, are as follows: On March 24, 1914, defendant was arrested on a warrant by the·recorder, charging violation of the prohibition ordinances of the city of Tuscaloosa prior to that date. He was convicted, and appealed to the county court. He was there tried on that charge on October 21, 1914, and was acquitted. On that trial the only evidence placed before the court, and which was not objected to, related to the offense committed by defendant on May 21, 1914, he having in his possession 51 half pints of whisky, and the court charged the jury that they · must discharge the defendant, since the only offense proved occurred after March 21, 1914, the date of the issuance of the warrant. The errors assigned are to the finding of the court on the special pleas and the refusal of the affirmative charge.

WRIGHT & FITE, for appellant. BROWN & WARD, for appellee.

SOMERVILLE, J.—It is in effect conceded by counsel for defendant, and the record itself is conclusive of the fact, that the offense for which defendant was previously tried, and of which he was acquitted, was not the offense with which he is presently charged. It is, however, the conception of counsel that the mere introduction on the former trial of the evidence now used to support the present charge placed defendant in some danger of a conviction of this offense, however·irrelevant the evidence, and however unauthorized and wrongful such a conviction would have been, and that such a danger was a legal jeopardy.

(1) This theory of former jeopardy is not only not tenable, but it scarcely merits serious discussion. To have been in former jeopardy a defendant must have been put upon trial for the same offense, or one of the same species, supportable by the same evi-

dence; or else the one crime must be an essential ingredient of the other.

"If the evidence which is necessary to support the second indictment was admissible under the former, related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar."—12 Cyc. 280, b.

(2, 3) It is, of course, true that time is not ordinarily material, and that a crime charged as of one date may be established by proof of its occurrence on another date. But in every case the crime proved must antedate the charge upon which the defendant is being tried; otherwise, not only is there a fatal variance, but also a complete absence of jurisdiction of the particular offense. In such a case evidence of the later offense is not admissible, and there can be no lawful conviction thereof.

(4) Jeopardy implies an exposure to a lawful conviction of the same offense on a former trial, and not the mere danger, humanly speaking, that a jury may unlawfully try and convict the defendant of a distinct offense with which he is not charged before them, and which, as matter of law, cannot be embraced in nor covered by the charge actually presented. This prinicple is embodied in the rule long ago established in this state, as in many others, that:

"A former acquittal is no bar to a subsequent prosecution, unless the accused could have been convicted upon the first indictment upon proof of the facts averred in the second."—*Hall v. State,* 134 Ala. 90, 115, 32 South. 750; *Dominick v. State,* 40 Ala. 680, 91 Am. Dec. 496; *People v. McDaniels,* 137 Cal. 192, 69 Pac. 1006, 56 L. R. A. 578, 92 Am. St. Rep. 81, note page 105.

As stated by Mr. Freeman in the note referred to (92 Am. St. Rep. 107, c) : "Under this test it is the facts which are alleged in the two indictments, and not the testimony given in either, by which the identity of the offenses is to be determined. Accordingly it is held immaterial that the evidence relied upon to support the second charge was, in fact, introduced on the trial of the first. The criterion is not what testimony was introduced, but what might have been, and the determinative feature is whether the facts alleged in one charge would support a conviction under the other."

In the case of *Martha v. State,* 26 Ala. 72, the defendant was tried for the arson of a dwelling house belonging to one Todd,

and pleaded that she had been formerly put upon trial for the arson of a dwelling house belonging to one Coleman, and that both indictments, and the proof offered under each, related to the same act of burning. The conclusion of this court on appeal was that: "As the offenses charged in the two indictments are distinct and different, the record showing the discontinuance of, or acquittal upon, the prosecution of the one, would be no bar to a prosecution of the other."

And it was further said that: "As the record showed the two indictments to be for different offenses, and as a record cannot be gainsaid by parol evidence, it was entirely proper for the court to charge the jury that the plea of autrefois acquit and discontinuance were not sustained by the proof."

(5) It is, however, insisted that, even though the pleas were insufficient in their averments of facts, yet the evidence sustained the pleas as framed, and hence defendant was entitled to a judgment thereon, and so to a discharge. This contention is not well founded; for each one of the special pleas distinctly avers that defendant has been formerly put in jeopardy, and has been tried for the same offense now charged.

These averments were not supported by any proof, and hence the technical rule invoked by defendant is not here available.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.