(109 So. 610)

### LOVELADY v. STATE.    (8 Div. 506.)

(Court of Appeals of Alabama.   Sept. 7, 1926.)

**1. Criminal law ☞195(2).**

Acquittal of larceny of property alleged to belong to one person is no bar to prosecution for larceny of same property alleged to belong to another person.

**2. Criminal law ☞196.**

Test of whether prior acquittal prevents second prosecution for larceny is whether accused could have been convicted under first indictment on proof of facts averred in second.

**3. Criminal law ⚖=260(13).**

In prosecution for larceny begun on affidavit in county court, failure of solicitor on appeal to circuit court to file brief statement required by Code 1923, § 3843, in absence of waiver, was reversible error.

Appeal from Circuit Court, Marshall County; W. W. Haralson, Judge.

Buster Lovelady was convicted of larceny, and he appeals. Reversed and remanded.

Isbell & Scruggs, of Guntersville, for appellant.

Plea of former acquittal should have been sustained. Code 1923, '§ 5205; Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am. St. Rep. 17; Clayborne v. State, 103 Ala. 53, 15 So. 842; State v. Copeland, 46 S. C. 13, 23 S. E. 980; Const. 1901, § 9. It was error to put the defendant to trial on the original affidavit. Code 1923, § 3843; Moss v. State, 42 Ala. 546.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The judgment on the plea was correct. Underwood v. State, 72 Ala. 220; Brown v. Tuscaloosa, 196 Ala. 475, 71 So. 672; 16 C. J. 284.

RICE, J. Defendant was indicted for stealing two chickens of the value of two dollars, alleged to have been the property of Oliver Poe, was tried, and acquitted. Thereafter, an affidavit charging the defendant with the theft of two chickens, the property of Beadie Poe, was filed in the county court, upon the trial of which a judgment of conviction resulted. An appeal was taken to the circuit court, and defendant interposed a plea of former acquittal. The circuit court, sitting without a jury, found for the state upon this plea, and found the defendant guilty as charged in the indictment.

[1, 2] An acquittal of the defendant under a charge of larceny of property alleged to belong to one person is not a bar to prosecution under a charge of larceny of the same property alleged to belong to another person. Martha v. State, 26 Ala. 72. The test is, as pointed out in Hall v. State, 134 Ala. 90, 32 So. 750, could the accused have been convicted under the first indictment upon proof of the facts averred in the second? Manifestly not; for ownership must be proven as alleged, and proof of the facts as averred in the second indictment, or affidavit, would have constituted a variance from the first indictment as to ownership. See Brown v. City of Tuscaloosa, 196 Ala. 475, 71 So. 672.

[3] As indicated, this prosecution was begun upon an affidavit filed in the county court. Section 3843 of the Code of 1923 provides that on appeal to the circuit court the trial shall be de novo, without indictment or presentment by the grand jury, but that the solicitor shall make a brief statement of the cause of complaint. In this case no brief statement was made by the solicitor, nor is it made to appear that the defendant waived this requirement. The trial was had upon the affidavit filed in the county court. In this there was error to reverse. McKee v. State, ante, p. 259, 107 So. 224; Perry v. State, 17 Ala. App. 80, 81 So. 858.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.