(116 So. 116)
**HARRIS v. ALSTON. (6 Div. 95.)**

Supreme Court of Alabama. March 22, 1928.

Rehearing Denied April 12, 1928.

Exceptions, bill of ⬤⟼55(1)—Bill of exceptions which trial judge refused to sign held not properly established by presentation to judge of Court of Appeals (Code 1923, §§ 6435, 6436).

Where bill of exceptions was presented to trial judge, who declined to approve it, claiming it was incorrect, bill was not established by presenting it to presiding judge of Court of Appeals, under Code 1923, § 6436, but was required to be established, under section 6435, by presentation to Appellate Court.

Appeal from Circuit Court, Tuscaloosa County; Henry B. Foster, Judge.

Action by James F. Alston against Dr. W. A. Harris. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

W. M. Adams, of Tuscaloosa, for appellant.

Appellee by general appearance on the hearing to establish bill of exceptions, has had his day in court. Motion to strike cannot avail. The proceeding to establish is under Code 1923, § 6436.

H. A. & D. K. Jones, of Tuscaloosa, for appellee.

Where the trial judge refused to sign a bill of exceptions because incorrect, the appellant's remedy is to establish in the appellate court under the provisions of section 6435 of the Code. This remedy is exclusive. Fries v. Acme, etc., 18 Ala. App. 80, 89 So. 842; Butler v. Howell, 204 Ala. 404, 85 So. 411.

ANDERSON, C. J. The bill of exceptions was presented to the presiding judge of the Court of Appeals, who approved and established same, supposedly acting under section 6436 of the Code of 1923. Said section au-

thorizes the establishment of a bill of exceptions by a justice of the Supreme Court or a judge of the Court of Appeals when the trial judge dies, resigns, is removed from office, or from sickness or absence from the state or county cannot or is unable to accept a presentation. If, as in this case, the trial judge is accessible and the bill is in fact presented to him and he refuses or fails to approve the same, the appellant must proceed to establish the same in the Appellate Court as provided by section 6435 of the Code. It was expressly held in the case of Sovereign Camp, W. O. W., v. Ward, 200 Ala. 19, 75 So. 331, that the act of 1915 (page 816), now codified as a part of section 6436, did not change or alter section 6435, that there was a field of operation for both sections, and that in cases where the trial judge failed or refused to approve the bill of exceptions because he did not deem it correct, it must be established in the Appellate Court under section 6435 and not before a justice or judge of the Appellate Court. The record in this case shows that the bill of exceptions was presented or turned over to Judge Foster, the trial judge, in due time, and he declined to approve same because he did not deem it correct. Whether certain changes or corrections were or were not made at the instance of the appellee's counsel before the bill was established by the presiding judge of the Court of Appeals matters not, as the record shows that said counsel did appear and objected and excepted to the establishment of said bill of exceptions. Moreover, it is at least questionable if this court should not strike the same mero motu because not established or approved as authorized by law, as section 6434 forbids striking same, except upon motion only when the same was not presented or signed within time, and does not apply to one not approved by the proper authority. The motion to strike the bill of exceptions is sustained, and, as there is no assignment of error based upon any ruling disclosed in the record proper, the judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.