151 So. 616

### EASTEP v. STATE.
### 8 Div. 745.

Court of Appeals of Alabama.
Oct. 3, 1933.

Rehearing Denied Dec. 19, 1933.

Bradshaw & Barnett and Almon & Almon, all of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

RICE, Judge.

The bill of exceptions in this case is affected with the identical infirmity existing in the bill of exceptions discussed in Harris v. Alston, 217 Ala. 414, 116 So. 116; but we will not strike it of *our own motion*, as the Supreme Court, in the opinion in the case just cited, said our right to do so was "questionable." Code 1923, § 7318.

Appellant was on, to wit, September 28, 1931, regularly tried and acquitted, upon charges contained in an indictment theretofore on, to wit, April 11, 1931, duly, etc., returned against him. This indictment contained, among others, the following counts (which particular counts are set out, in preference to the others, only to illustrate what we shall later have to say):

"1. The Grand Jury of said County charge that before the finding of this indictment Will S. Eastep, whose christian name is otherwise unknown to the Grand Jury, while commissioner of the City of Florence, Alabama, a municipal corporation, who, as such commissioner, was charged or intrusted with the collection, receipt, safekeeping, transfer or disbursement of money or funds belonging to or under the control of said city, converted to his own use or to the use of another person, contrary to law, a portion of such money or funds to about the amount of $14,169.20, against the peace and dignity of the State of Alabama."

"3. The Grand Jury of said County further charge that before the finding of this indictment, Will S. Eastep, whose christian name is otherwise unknown to the Grand Jury, while President of the Board of Commissioners of the City of Florence, Alabama, a municipal corporation who as such President was charged or intrusted with the collection, receipt, safekeeping, transfer or disbursement of money or funds belonging to or under the control of the said City, did convert to his own use or to the use of another person, contrary to law, a portion of such money or funds to about the amount of $14,169.20."

Thereafter, on, to wit, September 28, 1932, appellant was tried and convicted (from which judgment of conviction this appeal is taken) upon charges contained in an indictment theretofore on, to wit, May 23, 1931, duly, etc., returned against him. This indictment, after demurrers, etc., consisted of only *two* counts, as follows:

"4. The Grand Jury of said county further charge that before the finding of this indictment Will S. Eastep, while commissioner

and president of the Board of Commissioners of the City of Florence, Alabama a municipal corporation, who as such was charged or intrusted with the collection, receipt, safekeeping, transfer or disbursement of money or funds belonging to or under the control of the said City, converted to his own use or to the use of another person or corporation contrary to law, a portion of such money or funds to about the amount of $11,760.14.

"5. The Grand Jury of said County, further charge that before the finding of this indictment, Will S. Eastep, while President of the Board of Commissioners of the City of Florence, Alabama, a municipal corporation, who, as such was charged or intrusted with the collection, receipt, safekeeping, transfer or disbursement of money or funds belonging to or under the control of said City converted to his own use or to the use of another, contrary to law, a portion of such money or funds to about the amount of $11,-760.14 against the peace and dignity of the State of Alabama."

Appellant, on the trial resulting in this appeal, duly interposed his pleas of former jeopardy, or, perhaps, more accurately speaking, autrefois acquit, setting up the facts with reference to the first indictment, etc., which we have noted hereinabove. Demurrers being overruled to his said pleas (two of them), the state filed a replication thereto, in substance denying that "the matters and transactions in (involved in) the offense charged in this (the instant) prosecution are the same matters and transactions of which he was tried and acquitted on the former trial and former acquittal (hereinabove referred to)."

■ The issue thus raised was duly tried in advance of the trial on the merits. Parsons v. State, 179 Ala. 23, 60 So. 864. Appellant introduced in evidence the transcript of the entire proceedings on said former trial—the indictment, evidence, verdict, judgment of acquittal, etc.—whereupon the court, upon motion of the solicitor, excluded all of said evidence; and, no other being offered, gave to the jury a written instruction to find its verdict for the state on defendant's pleas of former acquittal, etc.; refusing, etc., at the same time, to instruct the jury at appellant's written request, etc., to find a verdict on said pleas in his favor. The jury, of course, obeyed the instruction given.

The trial upon the merits was then had, upon appellant's plea of not guilty, which resulted in his conviction and sentence to imprisonment in the penitentiary for an indeterminate period of from four to five years.

■ "It is an established maxim of the common law, in the administration of criminal justice, constantly recognized by elementary writers, and courts of judicature from a very early period down to the present time, that a man shall not be brought into danger of his life or limb for one and the same offense, more

than once. * * * The right not to be put in jeopardy a second time for the same cause is as important as the right of trial by jury, and is guarded with as much care. Accordingly there will be found in the Constitution of the United States and in the constitutions of most of the States (See Const. Ala. 1901, § 9) a provision that no person shall for the same offense be twice put in jeopardy, which, however, is but a recognition of the humane rule of the common law, and a plea of former conviction (or acquittal) is good under either the constitution or the common law." 8 R. C. L. pp. 134 and 135, §§ 114 and 115.

"In determining whether both indictments charge the same offense the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second, but if the facts which will convict on the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second * * *." 8 R. C. L. p. 143, § 128.

Or, "the test of the sufficiency of a plea of former conviction [or acquittal, we apprehend] is, whether the facts *averred in the second indictment* [italics ours], if found to be true, would have warranted a conviction upon the first." Gordon v. State, 71 Ala. 315.

"A former acquittal is no bar to a subsequent prosecution, unless the accused *could have been* [italics ours] convicted upon the first indictment upon proof of the facts *averred in the second.*" (Italics ours.) Hall v. State, 134 Ala. 90, 32 So. 750, 758, citing Dominick v. State, 40 Ala. 680, 91 Am. Dec. 496, where the rule is stated in that identical language by Walker, C. J. "A test almost universally applied to determine the identity of the offenses is to ascertain the identity, in character and effect, of the evidence in both cases. If the evidence which is necessary to support the second indictment was admissible under the former, was related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar." 16 C. J. 265.

"In determining whether both indictments charge the same offense, the test generally applied is whether the evidence necessary to support the second indictment would have been sufficient to procure a legal conviction upon the first indictment." State v. Dewees, 76 S. C. 72, 56 S. E. 674, 675, 11 Ann. Cas. 991.

"The proper test is: 'Was the matter set out in a second indictment admissible as evidence under the first indictment, and could a conviction have been properly maintained upon such evidence?' If the answer is yes, then the plea is sufficient; otherwise it is not." Wharton's Criminal Law (11th Ed.) vol. 1, p. 508, § 393.

But the above is enough. Everywhere, in our investigation, we find the rule to be the same. If the defendant (appellant, here) had been previously put on trial, etc., for the offense "presently charged," his plea of autrefois acquit (it appearing without dispute that he had been *acquitted* on such trial) was due to be sustained. Parsons v. State, supra; all the authorities hereinabove (on this point) cited; Hughes v. Com. of Kentucky, 131 Ky. 502, 115 S. W. 744, 31 L. R. A. (N. S.) 693, and note; United States v. Wills et al. (C. C. A.) 36 F.(2d) 855; Roberts v. State, 14 Ga. 8, 58 Am. Dec. 529, Judge Freeman's note page 537; Dominick v. State, 40 Ala. 680, 91 Am. Dec. 496 (and note); State v. Johnson, 12 Ala. 840, 46 Am. Dec. 283; 1 Bishop's Crim. Law 886; Monroe v. State, 111 Ala. 15, 20 So. 634; Lovelady v. State, 21 Ala. App. 536, 109 So. 610; Brown v. City of Tuscaloosa, 196 Ala. 475, 71 So. 672; People v. McDaniels, 137 Cal. 192, 69 P. 1006, 59 L. R. A. 578, 92 Am. St. Rep. 81, and note; McCullough v. State, 63 Ala. 75; and many others that might be cited.

The effect of each of the indictments involved in this discussion, drawn as they were under the authority of section 3961 of the Code, was to charge the defendant (appellant) with an embezzlement committed within the next preceding three years. Gleason v. State, 6 Ala. App. 49, 60 So. 518. This charge, common to each indictment, included every peculation occurring during the specified time. Willis v. State, 134 Ala. 429, 33 So. 226, 234. "Embezzlement may, and most often does, consist of many acts done in a series of years; and the fact at last disclosed, that the employer's [or as the case may be, we interpolate] money and funds are embezzled, is the crime against which the statute is leveled." Ib.

The "times," in each indictment were substantially—and in practical effect—identical. It seems clear, and we hold, therefore, that from the authorities the second indictment, upon which the trial resulting in this appeal was had, charged the identical offense upon which appellant had been, before the instant trial, already tried and acquitted.

The learned trial judge in excluding, upon the state's motion, the evidence offered by appellant in support of his pleas of autrefois acquit, and in giving to the jury the general affirmative charge to find in favor of the state on said pleas, seems—in fact, he stated as much—to have gone on the theory that appellant, in order to have sustained his said pleas, must have shown not only the *evidence* on the former trial, but that the *evidence* to be offered by the state on the instant trial was to be the *same.*

As we have tried to make clear, this is *not* the test.

As said by the late Mr. Justice Somerville, for the Supreme Court, in the opinion in the case of Brown v. City of Tuscaloosa, 196 Ala. 475, 71 So. 672:

"To have been in former jeopardy a defendant must have been put upon trial for the same offense, or one of the same species, supportable by the same evidence; or else the one crime must be an essential ingredient of the other.

" 'If the evidence which is necessary to support the second indictment was admissible under the former, related to the same crime, and was sufficient if believed by the jury to have warranted a conviction of that crime, the offenses are identical, and a plea of former conviction or acquittal is a bar.' * * *

" 'A former acquittal is no bar to a subsequent prosecution, *unless* the accused could have been convicted upon the first indictment upon proof of the facts *averred* in the second.' [Italics ours.] * * *

" 'Under this test it is the facts which are *alleged* in the two indictments, and not the testimony given in *either*, by which the identity of the offenses is to be determined. * * * The criterion is not what testimony *was* introduced, but what *might have been,* and the determinative feature is whether the facts alleged in one charge would support a conviction under the other.' " (Italics ours.)

The above is not to say that one guilty of a series of peculations extending over a period of time may not be prosecuted, separately, for each distinct offense. But that he may be so prosecuted the state must, as said by the Supreme Court of Mississippi, in a case not greatly dissimilar to this, "conduct its prosecutions for embezzlement in the common-law way, and not undertake to take advantage of a statute, enacted solely for the purpose of removing the many obstacles with which it was frequently confronted in prosecutions for embezzlement, in being required to allege and prove the specific act." State v. Caston, 96 Miss. 183, 50 So. 569, 570.

We entertain no doubt that there were sufficiently impelling reasons for the indictments in this prosecution to have been found, drawn, and returned, as they were. But a trial upon the first precluded one upon the last.

It results that we need go no further into the merits of the appeal. For the error in excluding appellant's evidence, offered in support of his pleas of autrefois acquit, and in giving to the jury trying the issue raised thereby, and thereon, the general affirmative charge to find in favor of the state, the judgment appealed from must be reversed. And it appearing, by record evidence, that the appellant cannot again be prosecuted on the charges contained in the indictment upon which he was here tried—he having already, theretofore, been tried and acquitted in the same court upon the identical charges—judgment is here rendered that he be discharged from further custody under the instant indictment.

Reversed and rendered.