JOHNSON, J., vult advisare.

186 So.2d 745

**John Howard CLONTS**

**v.**

**STATE.**

**6 Div. 100.**

Court of Appeals of Alabama.

April 19, 1966.

Rehearing Denied May 17, 1966.

David E. Hicks and Chas. Tarter, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of the offense of obtaining property by false pretense. His punishment was fixed at five years in the penitentiary.

This is the second appeal in this case. Upon his first trial the indictment charged that appellant obtained property belonging to H. M. Bonham. The proof showed ownership of the goods in a corporation. We reversed because of a fatal variance between the allegation of ownership in the indictment and the proof offered on the trial. Clonts v. State, 42 Ala.App. 287, 161 So. 2d 155.

The indictment in the present case alleged the same facts as the previous indictment, except that it charged that the appellant had obtained property belonging to "Bonham's Texaco Service, Inc., a Corporation." The appellant filed a plea of double jeopardy. The court overruled the plea.

In Lovelady v. State, 21 Ala.App. 536, 109 So. 610, the court said the test to determine double jeopardy in a case such as this is "as pointed out in Hall v. State, 134 Ala. 90, 32 So. 750, could the accused have been convicted under the first indictment upon proof of the facts averred in the second? Manifestly not; for ownership must be proven as alleged, and proof of the facts as averred in the second indictment, or affidavit, would have constituted a variance from the first indictment as to ownership. See Brown v. City of Tuscaloosa, 196 Ala. 475, 71 So. 672." See also State v. Anders, Fla., 1952, 59 So.2d 776; Le Rea v. Cochran, Fla.1959, 115 So.2d 545; Wilcox v. State, Fla.App.1966, 183 So.2d 555; Shiflett v. State, 37 Ala.App. 300, 67 So.2d 284.

■ Besides, the former judgment of conviction having been reversed and the cause remanded at the instance and request of defendant, he cannot set it up as a former jeopardy. Savage v. State, 12 Ala. App. 116, 68 So. 498.

The facts and circumstances developed on the second trial are substantially the same as those shown on the first trial. Since they are fully set out in the former opinion (42 Ala.App. 287, 161 So.2d 155), they will not be restated here.

■ The defendant objected to the testimony of Billy Max Brown as to his conversation with defendant at the service station concerning the four inner tubes, on the ground this was evidence of a separate offense, the tubes not having been included in the indictment as a part of the property obtained by the defendant. The court overruled the objection on the ground that this conversation was a part of the res gestae of the crime charged. In this ruling there was no error. Grant v. State, 250 Ala. 164, 33 So.2d 466; Mason v. State, 259 Ala. 438, 66 So.2d 557, 42 A.L.R.2d 847.

Appellant again insists that he could not be convicted because the proof showed he did not actually obtain possession of the tires, since he did not drive the car away from the station, and the car did not belong to him. This question was decided adversely to appellant's contention on the first appeal.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.