288 So.2d 850 (1974)
Shelton HALL
v.
STATE of Mississippi.
No. 47601.
Supreme Court of Mississippi.
January 21, 1974.
Charles A. Ray, Jr., Hazlehurst, Jack A. Morris, Monticello, for appellant.
A.F. Summer, Atty. Gen., by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
GILLESPIE, Chief Justice:
Shelton Hall was convicted in the Circuit Court of Lawrence County on an indictment charging possession of lysergic acid diethylamide (LSD). On his appeal to this Court he questions the validity of a warrantless search of his automobile made simultaneously with his arrest but while he was not inside the vehicle or immediately beside it.
Hall was wanted in neighboring Lincoln County on a burglary charge, and a warrant had been issued for his arrest. In an effort to solve a series of burglaries that had occurred in Lawrence County, Sheriff N.S. Lambert and Deputy Sheriff Willard Griffin, who knew of the arrest warrant for Shelton Hall, were working at night. In the early morning hours they observed the defendant driving down a road leading to the residence of Carl Hall, a cousin of the defendant. Defendant was observed as he parked his car in front of Carl Hall's house. The sheriff and his deputy were on foot, and they decided to seek assistance and walk the two miles back to Monticello where Sheriff Lambert contacted Highway Patrolman Ralph Fick and Monticello Policeman J.P. Rutland. The four officers *851 devised a plan to apprehend defendant which was carried out as hereafter stated.
Deputy Griffin and Policeman Rutland went around a road that passed to the rear of Cal Hall's residence, parked their vehicle and came through the woods to a point near the back door of the residence. When they stationed themselves at this point, they called the highway patrolman and the sheriff over the two-way radio and told them they were ready. The patrolman and Sheriff Lambert, who were in the patrol car, then drove the patrol car up to the front door of the Carl Hall residence, at which time defendant ran out the back door where he was apprehended by the two officers who were stationed at that point. Sheriff Lambert searched the defendant's station wagon while the defendant was being arrested but before he was aware that Hall had been secured and found the LSD in a cigar box located under the front seat. The defendant was handcuffed when he was arrested and brought around to the front of the house and was then removed to jail. Deputy Griffin drove the defendant's automobile to the jail where he made a later search which was fruitless.
Defendant contends that the search of his automobile was illegal for at least two reasons: (1) Defendant was not in the automobile when he was arrested, and the search of his automobile went far beyond his person and the area from which he might have obtained a weapon or something that could be used as evidence against him; and therefore, the search was not justified as being incident to the arrest, citing Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). (2) The circumstances were not exigent because it was practicable to obtain a search warrant, citing Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).
The State contends the search was lawful as one made incident to a lawful arrest, and among its cited authorities are Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973); Watts v. State, 196 So.2d 79 (Miss. 1967), and Fuqua v. State, 246 Miss. 191, 145 So.2d 152 (1962).
A warrantless search is generally unreasonable, but there are a number of exceptions. However, "[t]he labels do not always fit. Many decisions turn, not upon the labels, but upon a close analysis of the facts." Carlton v. Estelle, 480 F.2d 759 (5th Cir.1973). There is a constitutional difference between searches of houses and cars. Cady v. Dombrowski, supra. For reasons stated in Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); and Wolf v. State, 260 So.2d 425 (Miss. 1972), cert. denied, 409 U.S. 1042, 93 S.Ct. 535, 34 L.Ed.2d 492 (1972), the warrantless search of an automobile, because of its mobility, presents a different problem from a warrantless search of a house. An automobile may be searched, given the proper circumstances, without a warrant either as an incident to a valid arrest or because there is probable cause that the vehicle itself may be evidence of crime or contain something that offends against the law.
The arrest of Hall was valid, and no argument is made to the contrary. The officers were confronted with apprehending a man wanted on a felony charge. It became their duty to protect themselves and take every reasonable precaution against defendant escaping the trap. The officers were justified in considering defendant, wanted on a felony charge, as potentially dangerous. It was proper and prudent for them to take all necessary precautions.
The plan employed in this case called for the undetected approach of two officers from the rear while the other two would make an open approach in an official car from the front after receiving by radio information that the officers were in position *852 to the rear of the house. According to plan, defendant saw the squad car approaching the house and ran out the rear where he was apprehended. It was reasonable for the officers to contemplate that Shelton Hall might not act as expected. He could have decided to shoot his way out of the trap, or use some other strategem to reach his car. Defendant could have had a gun in his car and made a run to get it, or he could have reasoned that his only chance of escape was to get to his car and use it to escape; and the officers could not overlook the possibility of defendant receiving help from Carl Hall. In any event, it was reasonable for Sheriff Lambert to search the car immediately for weapons, to remove the key if it was in the switch, and to take any other measures to prevent defendant from gaining possession of the car or any evidence or weapons therein. The law requires exigent circumstances before such a warrantless search is reasonable. The circumstances were certainly exigent in this case. We hold the search was reasonable and that the Chimel rule does not apply to the peculiar circumstances of this case.
The courts have struggled, largely in vain, to fashion practical standards for determining the reasonableness of a warrantless search of a motor vehicle. The difficulty lies in the infinite variety of factual situations confronted by law enforcement officers in the line of duty. The courts can best serve the administration of justice by recognizing that although the court must determine whether a search is reasonable, the officer's action must be reviewed in light of the practical, everyday affairs of life.
Judges are far removed from the night vigil, the danger, the physical surroundings, local conditions and characteristic as well as the unpredictable behavior of the criminal element in society. The local officer lives with these factors, and we ought to take this into account in passing upon the reasonableness of official conduct.
The other questions raised do not justify discussion.
Affirmed.
SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.