310 So.2d 721 (1975)
Kenneth L. SCHLODER
v.
STATE of Mississippi.
No. 48399.
Supreme Court of Mississippi.
March 31, 1975.
*722 Pigford, Hendricks & Fields, Meridian, for appellant.
A.F. Summer, Atty. Gen. by John C. Ellis, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, ROBERTSON and WALKER, JJ.
WALKER, Justice:
This is an appeal from the Circuit Court of Lauderdale County, Mississippi, wherein appellant was convicted of possession of more than one ounce of marijuana with intent to sell and sentenced to serve a term of four and one-half years in the state penitentiary. We reverse.
The appellant's primary contention is that there is no such offense in the State of Mississippi as possessing marijuana with intent to sell.
The record reveals that the appellant was indicted at the May 1974 Term of the Grand Jury in Lauderdale County, Mississippi. That indictment reads, in part, as follows:
The Grand Jury ... upon their oaths present:
That Kenneth Schloder in said County, on the 23rd day of March, A.D., 1974, did wilfully, unlawfully and feloniously possess more than one ounce of marijuana with intent to sell contrary to the form of the Statute in such cases made and provided, and against the *723 peace and dignity of the State of Mississippi. (Emphasis added).
The appellant filed a timely demurrer to the indictment which was overruled after a hearing and argument thereon.
The prohibited acts applicable to this case are to be found in Mississippi Code Annotated section 41-29-139 (Supp. 1974). The pertinent parts of that section read as follows:
§ 41-29-139. Prohibited acts A; penalties.
(a) Except as authorized by this article, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
......
(c) Except as authorized by this article, it is unlawful for any person to sell, barter or transfer a controlled or counterfeit substance for money or for other consideration.
......
(d) It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article. Any person who violates this subsection with respect to:
(1) A controlled substance classified in Schedules I or II as set out in sections 41-29-113 and 41-29-115, except marihuana, is guilty of a felony and upon conviction may be imprisoned for not more than three (3) years, or fined not more than three thousand dollars ($3,000.00), or both;
......
(B) More than one (1) ounce of marihuana, upon conviction may be fined not more than one thousand dollars ($1,000.00), or confined in the county jail for not more than one (1) year, or both; or fined not more than three thousand dollars ($3,000.00), or imprisoned in the state penitentiary for not more than three (3) years, or both.
It is evident from a reading of section 41-29-139(a) that it is unlawful for any person to deliver or possess with intent to deliver a controlled substance; however, subsection (c) of that section which makes it unlawful for any person to sell, barter or transfer a controlled or counterfeit substance for money or for other consideration does not make it unlawful to possess a controlled substance with intent to sell. Neither does the statutory definition of the words, "Sale," "sell" or "selling"[1] include possession with intent to sell.
The failure of the Legislature to make it unlawful to possess a controlled substance with intent to sell the same was no doubt an oversight; however, criminal statutes in derogation of the common law must be strictly construed in favor of the accused. McInnis v. State, 97 Miss. 280, 52 So. 634 (1910). Therefore, appellant was erroneously charged with possession with intent to sell.
However, the real question presented by the demurrer is whether the indictment charged appellant with a criminal offense. We answer this in the affirmative. Mississippi Code Annotated section 41-29-139(d)(2)(B) (Supp. 1974) makes it unlawful for any person to knowingly or intentionally possess more than one ounce of marijuana and prescribes as a penalty therefor a fine of $3,000 or imprisonment in the state penitentiary for not more than three years, or both. Therefore, the demurrer was properly overruled since the indictment charged appellant with the crime of possession of more than one ounce of marijuana. The words "with intent *724 to sell" were surplusage and upon remand should be stricken since they would possibly be inflammatory and prejudicial if brought to the attention of a jury.
The purpose of an indictment is to inform an accused of the crime with which he is charged so that he might prepare a defense thereto. Westmoreland v. State, 246 So.2d 487 (Miss. 1971). Here, the appellant was charged with the nonexistent offense of possession of more than one ounce of marijuana with intent to sell; the prosecution was based on that theory and the jury was instructed accordingly returning a verdict of "guilty as charged." We have considered remanding the case for resentencing for the offense of possession of more than one ounce of marijuana as was done in Wells v. State, 305 So.2d 333 (Miss. 1975). However under the peculiar circumstances of this case, we are unable to say beyond a reasonable doubt that the appellant was afforded a fair trial since the element of sale was unnecessarily injected into the trial. It is common knowledge that most people have a deep-rooted prejudice against the unlawful sale of drugs in any amount. Therefore, we are of the opinion that the case should be remanded to the lower court and the appellant granted a new trial on the charge of possession of more than one ounce of marijuana or to permit the state, if it should so elect, to seek a new indictment against appellant under section 41-29-139(a) (Supp. 1974) which makes it unlawful for any person to possess a controlled substance with intent to deliver.
The appellee argues strenuously that the case is controlled by Simmons v. State, 301 So.2d 565 (Miss. 1974). Simmons did involve a conviction upon an indictment charging Simmons with possession of amphetamines with intent to sell; however, the question of the validity of the indictment in that case was not raised by brief or argument and therefore was not before the Court.
The state next argues that Wilkins v. State, 273 So.2d 177 (Miss. 1973) is controlling. However, that case is readily distinguishable on the facts from the case at bar.
The appellant next complains of a procedural error on his motion to suppress evidence allegedly obtained as the result of a warrantless search of his automobile. The record reveals that at the hearing he was required to take the initiative and go forward with proof on his motion by calling the police officers who conducted the search in support of his contention that the search and seizure were unlawful. His "standing" to object to the warrantless search was not in question.
Ordinarily, when a hearing on a motion to suppress is had in advance of trial or when a hearing is had out of the presence of the jury during the course of the trial for the purpose of determining the admissibility of evidence obtained by a warrantless search, the court should first determine whether the accused has "standing" to object to the evidence. The burden of establishing "standing"[2] is on the accused at such hearing, and if he is unable to show that he has standing to object, then that should conclude the hearing since the validity of the search would be immaterial. See Robinson v. State, 219 So.2d 916 (Miss. 1969). Once "standing" to object has been established by the accused or admitted by the state, the state has the burden of going forward and showing that the warrantless search and seizure were *725 done in a lawful manner[3] before the evidence obtained is admissible in evidence.
We point out this procedural error so that it will not recur upon the retrial of the case.
The judgment of the lower court is reversed and the case remanded for a new trial for the offense of possession of more than one ounce of marijuana.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and INZER, SMITH, SUGG and BROOM, JJ., concur.
NOTES
[1] Section 41-29-105(aa) (Supp. 1974), Definitions, reads as follows: "Sale" "sell" or "selling" means the actual, constructive or attempted transfer or delivery of a controlled substance for remuneration, whether in money or other consideration.
[2] "To establish standing a defendant must show either that he owned or possessed the seized property or had a substantial possessory interest in the premises searched or he must show that he was legally on the premises where the search occurred at the time of the search. Jones v. United States, supra [362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697, 78 A.L.R.2d 233 (1960)]; Garza-Fuentes v. United States, 400 F.2d 219 (5th Cir.1968)... ." (Robinson v. State, 219 So.2d at 919).
[3] As to when a warrantless search is justified see Hall v. State, 288 So.2d 850 (Miss. 1974) and Wolf v. State, 260 So.2d 425 (Miss. 1972).