COFER, Justice,
for the Court:
Appellant was indicted in the Circuit Court of the Second Judicial District of Jones County on a charge of wilful, unlawful, felonious and knowing possession with the intent to sell, of a quantity, more than an ounce, of marijuana, a controlled substance, and on trial was found guilty of possession of marijuana with intent to sell, and, therefor was sentenced to a term of five years with the Department of Corrections. Hence, this appeal.
Appellant here assigns two errors: (1) the trial court erred in refusing to allow testimony regarding the contents of the defendant’s pockets and inventory of his possessions revealed on search, and (2) the verdict of the jury was against the overwhelming weight of the evidence and law.
Noticing the first of these assignments, appellant, in insisting on disclosure to the jury of the contents of his pockets and clothes, was undertaking to establish that there was no money found on him which would tend to negate any sale of the controlled substance. In spite of the court’s refusal to permit this proof, defendant, in cross examining the officer, was successful in obtaining testimony that he did, at the search, have some money in his pockets.
We consider that no error was committed by the trial court, and there is no merit in the assignment. If, however, there were otherwise error in refusing the cross examination as to possessions of defendant discovered by the officers, we believe it is rendered moot by our disposition of the second assignment of error.
It is finally argued by appellant that the verdict was against the overwhelming weight of the evidence and law.
The testimony showed: that appellant crossed a Laurel street, late in the afternoon of August 28,1976, with a brown grocery bag in his right hand; that a man of his description was seen standing behind a lounge with a brown grocery bag in his hand and in the presence of a black man; that the man reached into the bag, took his hand out of the bag, held his hand over a cup being held by the black man, and moved his fingers as if dusting something off of them; that he entered the lounge carrying the brown bag; that two law enforcement officers, alerted to these events, entered the lounge, and found him seated alone at a table; that one called him aside and the other observed a brown bag partially under the chair recently occupied by appellant and where his foot was formerly; that the officer who saw the bag asked appellant if he had forgotten the bag and appellant replied that it was not his; and, that the officer took possession of it. The contents of the bag were placed in the possession of the Mississippi State Crime Laboratory for chemical analysis. James Williams, employed at the laboratory and established as qualified in the field of toxicology, testified that the contents of the bag were analyzed by him and found to be *1320 marijuana, slightly over nine ounces in weight.
Appellant testified: that he was walking across the street and “a little black guy” stopped him, by calling him by name to come over to where he was; that they started talking; that the black man identified himself as “Charley” and said, “Let’s go inside, let me take you inside and drink a beer;” that they went into the lounge; that the black man said, “Come on and sit down,” and went to get a beer. At that time the police officers entered and told appellant to come outside. As he was complying with their instructions, one of the officers asked him if it was his bag which appellant denied. On the stand, he again denied that it was his. He said further that the bag was under the table, close to him.
Janice Ogletree, appellant’s girl friend testified that appellant had no paper bag, or anything like that, in his hand either while crossing the street or prior to that time when he was with her in another lounge across the street.
The jury was warranted by the overwhelming weight of the evidence in finding that he unlawfully possessed the marijuana.
It was pointed out by Justice Walker, speaking for the Court in Schloder v. State, 310 So.2d 721 (Miss.1975), that Mississippi Code 1972 Annotated, Section 41-29-139 (Supp.1974), setting out prohibited acts in the area of controlled substances and providing penalties on conviction thereof, makes possession of a controlled substance with intent to deliver a felony and punishable accordingly on conviction and that possession of such controlled substance with intent to sell is not unlawful. He further said:
The failure of the Legislature to make it unlawful to possess a controlled substance with intent to sell the same was no doubt an oversight; however, criminal statutes in derogation of the common law must be strictly construed in favor of the accused. McInnis v. State, 97 Miss. 280, 52 So. 634 (1910). Therefore, appellant was erroneously charged with possession with intent to sell. (310 So.2d at 723).
It is here observed that in the amendments to this act in Chapter 482, Laws of 1977, effective July 1,1977, Mississippi Code 1972 Annotated, Section 41-29-139 (Supp. 1977), Prohibited acts A; penalties continues in part to read “(a) Except as authorized by this article, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.” (Emphasis added).
In Joyce v. State, 327 So.2d 255 (Miss.1976), the appeal was from conviction of the crime of possession of marijuana with intent to sell.
Both decisions held that the possession of marijuana of more than an ounce in weight was a lesser offense made a crime by Section 41-29-139(d)(2)(B) (Supp.1974), and was included in the indictment although the intent to sell did not constitute a crime. The words in the indictment “with intent to sell” are surplusage.
As held in the Schloder and Joyce cases the indictment here properly charged the lesser included offense of possession of more than an ounce of marijuana, and, on the conviction, appellant should have been sentenced as provided in Section 41-29-139(d)(2)(A) (Supp.1974).
We affirm the conviction of the lesser offense, as we did in the Joyce case above, and remand the case for resentencing under Section 41-29-139(d)(2)(B), which provides inclusive sentences which may be given for possession of more than one ounce of marijuana.
Affirmed as to the lesser included offense and remanded for proper resentencing.
AFFIRMED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.