460 So.2d 824 (1984)
William Carl EVANS
v.
STATE of Mississippi.
No. 55169.
Supreme Court of Mississippi.
November 21, 1984.
*825 Merrida P. Coxwell, Jr., Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Catherine Walker Underwood, Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and HAWKINS and SULLIVAN, JJ.
SULLIVAN, Justice, for the Court:
William Carl Evans appeals from his conviction in the Circuit Court of Hinds County, Mississippi, of possession of more than one kilogram of marijuana with intent to deliver, and a sentence to a term of fifteen (15) years in the custody of the Mississippi Department of Corrections.
On appeal, Evans claims the verdict against him was against the overwhelming weight of the evidence and the indictment charges him with a non-existent crime.
Neither assignment of error has merit, and we affirm.

FACTS
The principal actors were Evans, Gary Parham, a police informant, Mike Farrell, Renee Luke, the girl friend of Mike Farrell, Officer Barrett of the Jackson Police Department, and Mia Meeks, a girl friend of Evans.
Parham asked Mike Farrell if he would sell him some marijuana and Farrell pointed to Evans, the appellant, and suggested that Parham talk to the appellant. Evans told Parham he could get him the marijuana *826 of the type specified by Parham. Evans and Parham agreed on a price which was to be $1500.00 for three pounds of marijuana to be delivered within a week. After two aborted attempts to effectuate the transfer, Parham was told to come to Eddie's place on February 9, 1983, alone and with the money. Officer Barrett wired Parham for this meeting and monitored the meeting. Inside the bar, Parham met with Farrell. Farrell and his girl friend, Renee Luke, left Parham in the bar and took Renee Luke's automobile to the apartment of Evans. Evans went into his back bedroom and brought out a plastic garbage sack which contained three wrapped bags full of marijuana. Farrell returned to the automobile and got in the front seat. Evans placed the marijuana in the back seat on the floorboard and took a seat in the back by the marijuana. Officer Barrett observed the vehicle when it returned to Eddie's place. He saw Evans get out of the back seat and go into the bar with Renee Luke. Farrell remained in the automobile. A short time thereafter, Parham came out and got into the car and the arrest of Farrell took place.
Twenty-three days later, Renee Luke and Evans were arrested.
Mia Meeks was the main witness for the defense and she testified as to what Evans had told her about the events of the night of the transaction. Evans admitted getting the marijuana for Farrell after Farrell had badgered him to do so. According to Meeks, Evans claimed that he got disgusted with the entire transaction and gave the pot to Farrell and had nothing further to do with the transaction.
On this testimony, the jury found Evans guilty.

I.

WAS THE VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
Appellant's argument under this assignment of error is two-pronged. His first contention is that the state failed to prove either actual or constructive possession in the appellant. The testimony shows that at the time of the arrest of Farrell the marijuana was in a vehicle occupied by Farrell and owned by Renee Luke and that the appellant was inside the bar, where he exercised no dominion or control over the marijuana. Furthermore, police informant Parham testified he never saw Evans with the marijuana. It is contended that the damaging evidence of Farrell should have been given no weight at all by authority of our decision in Jones v. State, 368 So.2d 1265 (Miss. 1979), where the testimony of the co-defendant was given no weight as there was no corroborative evidence linking the defendant to the crime. On the basis of these contentions, Evans argues that the state has wholly failed to prove actual or constructive possession and, therefore, the verdict is against the overwhelming weight of the evidence.
The second prong of appellant's attack under this assignment of error is that this evidence will not support a conviction, citing Jones v. State, 368 So.2d 1265 (Miss. 1979) again Evans urges that there is no evidence at all to corroborate Farrell's testimony and no indication that anyone else was targeted by Parham except Farrell and that Farrell merely wanted to spread the blame in hopes of a lighter sentence. Both the appellant and the state rely upon Curry v. State, 249 So.2d 414 (Miss. 1971), where the Court stated:
... there must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it. It need not be actual physical possession. Constructive possession may be shown by establishing that the drug involved was subject to his dominion or control. Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.
249 So.2d at 416.
Under the totality of the circumstances, the jury could reasonably conclude *827 that the appellant's relationship with the marijuana was one of constructive possession and the appellant was aware of its character and presence and was in dominion over it. This is borne out by the following: (1) The pot had been in the car next to appellant; (2) the informer was told he would have to talk to the appellant about buying the marijuana; (3) the appellant discussed price with the informer and whether he could get the marijuana; (4) appellant told the informer he would deal with him through Farrell; (5) the informer testified the reason for using Farrell as a middleman was that appellant didn't want to deal directly with him for fear of being busted; (6) the appellant was the focus of one aborted buy and present at another; (7) appellant was looking for Farrell and Farrell's girl friend the night of the bust, and was eventually picked up and brought to Eddie's by them, in the automobile where the marijuana was located; (8) testimony of the informer was corroborated by Farrell; (9) Farrell testified that when they went to pick up the appellant, the appellant had the marijuana at his house which was transferred to their car; (10) Farrell testified that he assumed the reason appellant went with them to Eddie's was that he was afraid to let the marijuana too far out of his possession; that appellant did not give the marijuana to Farrell; that the appellant never acted like he didn't want to have anything more to do with the deal.
We move to the issue of whether or not the testimony of Farrell was uncorroborated. Under our holding in Mason v. State, 429 So.2d 569 (Miss. 1983), the uncorroborated testimony of an accomplice may be sufficient to convict an accused. Where there is slight corroborative evidence, the accomplice's testimony is likewise sufficient to sustain the verdict. Id. at 571. However, such testimony should be viewed with great caution and suspicion and must be reasonable, not improbable, self-contradictory or substantially impeached.
Farrell's testimony was reasonable, consistent and substantially uncontradicted and the jury did receive a cautionary instruction relating to the manner in which Farrell's testimony should be viewed. If we assume arguendo that Farrell's testimony should be completely disregarded, there is still sufficient evidence to make this case a proper one for the jury's resolution. Parham testified as to Evans' involvement in the initial negotiations, involved Evans in the aborted transactions, and placed Evans near the scene of the successful transaction. Officer Barrett placed Evans in the car moments prior to the transaction. The main witness for the defense, Mia Meeks, testified that Evans admitted obtaining the marijuana for the transaction. Whether or not Evans abandoned his attempt to sell the marijuana to Parham and gave the marijuana to Farrell would be a question for the jury. Furthermore, this testimony corroborates the testimony already given by the witness Farrell. The issue then becomes whether or not the evidence is legally sufficient to sustain the jury's verdict. Our rule in this regard is set out in Erving v. State, 427 So.2d 701, 702 (Miss. 1983), wherein the Court stated:
[W]e are required to consider the evidence in the light most favorable to the state and accept as true the evidence supporting, or tending to support, the verdict, with all inferences supportive of the verdict that reasonably may be drawn therefrom... . [cites omitted].
Based upon the foregoing, we find that the verdict was not against the overwhelming weight of the evidence.

II.

DID THE INDICTMENT CHARGE A CRIME?
In his contention that the indictment does not charge an offense, appellant relies upon three cases: Mosley v. State, 358 So.2d 1318 (Miss. 1978); Joyce v. State, 327 So.2d 255 (Miss. 1975); and Schloder v. State, 310 So.2d 721 (Miss. 1975). These cases dealt with our prior statute which did not proscribe as an offense the possession of a controlled substance with intent to sell.
*828 However, Mississippi Code Annotated § 41-29-139 (Supp. 1984), in effect at the time of the crime, states in part:
(a) Except as authorized by this article, it is unlawful for any person knowingly or intentionally:
(1) To ... possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance; ...
... .
(b) Any person who violates subsection (a) of this section shall be sentenced as follows:
(1) In the case of controlled substances classified in schedule I or II, as set out in sections 41-29-113 and 41-29-115, ... such person may, upon conviction, be imprisoned for not more than thirty (30) years or fined not more than one million dollars ($1,000,000.00) or both;
Conceding that the statute does not use the word "deliver", in Gandy v. State, 438 So.2d 279, 284-85 (Miss. 1983), we stated that the word "deliver" in an indictment is equivalent to "transfer". Therefore, the indictment did charge Evans with a crime and there is no merit to this assignment of error.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.