889 So.2d 487 (2004)
Patricia ATKINS, Plaintiff-Appellant
v.
SHILO ENTERPRISES, INC., Shilo RV and Travel Resort and Danny Price, Defendant-Appellees.
No. 39,100-CA.
Court of Appeal of Louisiana, Second Circuit.
December 15, 2004.
*488 Watson, McMillin & Harrison, L.L.P., by David C. McMillin, for Appellant.
Noah, Smith & Johnson, L.L.P., by Neal L. Johnson, Jr., for Appellees.
Before BROWN, STEWART and MOORE, JJ.
MOORE, J.
Plaintiff was injured in the business office of the trailer park where she resided when she attempted to kick the alleged night manager after he slapped her backside. The manager caught her foot and *489 caused her to fall backwards. She subsequently filed suit against the manager and the trailer park. The trial court granted the trailer park's motion for summary judgment on the strength of its affidavit and other papers evidencing no employment relationship existed with the putative night manager. For the reasons that follow, we reverse.

Facts
Plaintiff, Ms. Patricia Atkins, a resident of Shilo RV and Travel Resort ("Shilo") for approximately one year, alleges that on the evening of July 17, 1999, she was in Shilo's office checking her mail when Danny Price, the night manager, playfully slapped her backside with his hand as she walked past him. She turned and attempted to kick Price with her right leg. He grabbed her foot in mid-air and raised it, which caused Ms. Atkins to fall on her hip. Plaintiff suffered bruises and a strained right hip which required medical treatment. She subsequently filed a suit for damages on July 13, 2000 against Price and Shilo.
Shilo answered with a general denial except for a special denial of the allegation that Price was its employee at the time of the accident. Shilo subsequently moved for summary judgment on grounds that Price was not its employee for whom it could be vicariously liable.
Shilo Enterprises, Inc. d/b/a Shilo RV and Travel Resort is owned by Mr. Robert Pierson. Pierson and Candy Baldwin, the manager of Shilo in 1999, executed carefully worded affidavits attesting that Danny Price was a resident of the trailer park, but that he was not an employee of Shilo at the time of the accident or at any time. Each affiant further attested that Price "was not being paid any wages by Shilo" at the time of the accident, and (at the time of the accident), Shilo was not "exercising any direction or control over the activities of Danny Price." Finally, the affiants attested that Price "was not acting in furtherance" of Shilo's business activities, "nor was Shilo receiving any benefits from Danny Price's activities on this date." (Defendant's Exhibits 2 & 3).
In addition to these affidavits, Shilo submitted an interrogatory response listing its employees for that year and copies of thirteen W-2 wage statement forms for 1999. The sum of the wages shown on those W-2's, $175,984.59, matched the amount listed on a copy of form W-3 total wage statement. (Defendant's Exhibit 1).
Plaintiff opposed the motion with her affidavit. She attested that she had been a resident of Shilo for approximately one year prior to the accident. During that period, Danny Price was the night manager or after-hours manager at the Shilo facility. She stated that Price had keys to the park facilities and other residents were directed by management to contact Price with any problems after normal business hours. Ms. Atkins deposed that she had personally contacted Price in his capacity as night manager on prior occasions to assist her with problems related to her residence, and on several occasions she had witnessed Price acting in his managerial capacity with other residents and peace officers from the parish sheriff's office. She said Price performed yard and pool maintenance at the facility, and he told her that he was paid cash for his services to protect his social security benefits. She averred that Price was on duty in the business office on the evening of the accident. She said that following the incident, manager Candy Baldwin told her that Shilo would pay for her medical bills, and that she filed suit largely because Shilo had not done as promised.
Following a hearing on the motion on February 10, 2004, the trial court granted the defendant's motion for summary judgment *490 and dismissed with prejudice all claims against Shilo. Plaintiff filed this appeal.

Discussion
Under the provisions of La. C.C.P. art. 966, a defendant, with or without supporting affidavits, may move for summary judgment for all or part of the relief for which he has prayed, and the plaintiff may serve opposing affidavits and any memorandum in support thereof. Summary judgment then shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact. Furthermore, although the burden of proof remains with the movant, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require the movant to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense; thereafter, if the adverse party fails to produce factual support sufficient to establish that the adverse party will be able to satisfy that party's evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). The affidavits made either in support of or in opposition to a motion for summary judgment shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. La. C.C.P. art. 967.
An appellate court reviews a district court's grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn therefrom in the light most favorable to the non-movant; in ruling on a motion for summary judgment, the judge's role is not either to evaluate the weight of the evidence, or to determine the truth of the matter, but to determine instead whether there is a genuine issue of triable fact. Hines v. Garrett, XXXX-XXXX (La.6/25/04), 876 So.2d 764. A genuine issue is one on which reasonable persons could disagree; all doubts should be resolved in the non-moving party's favor. Hines, supra.
Although the trial court did not give reasons for granting the motion for summary judgment, the parties agree that the trial court's ruling was based on a finding that there was no genuine issue of material fact concerning Price's alleged employment with Shilo at the time of Atkins' injury. The trial court apparently did not reach Shilo's alternative argument that even if Price were found to be an employee of Shilo, his actions toward Atkins were intentional and, therefore, not within the course and scope of Price's employment with Shilo. Shilo makes this alternative argument on appeal, and such an argument may properly be made in support of the judgment so long as the argument is supported by the record. See La. C.C.P. art. 2133(B).
We initially conclude that Shilo's affidavits and wage records are adequate to shift the burden to the plaintiff to show that a genuine issue of material fact exists on the question of Price's employment. Shilo characterizes Atkins' affidavit as "self-serving," and containing "conclusory facts which lack proper foundation, and assertions based on speculation, conjecture and hearsay." Shilo argues that Atkins did not set forth facts concerning Price's alleged "under the table" payments from Shilo that indicate how Atkins came by her alleged "personal knowledge."
*491 As a resident of the RV park, Atkins was in a position to be personally familiar with whether Price was working for Shilo. Atkins' affidavit did not merely assert that Price was working for Shilo, but specifically stated that Price did yard and pool maintenance at the facility and that Atkins and other residents had been directed by Shilo's management to contact Price with any problems they might have at the facility after normal business hours. Atkins' statements concerning Price's work and management's direction to her are fairly attributable to her personal knowledge. These statements would be admissible in evidence at a trial and are statements on which Atkins would be competent to testify. The same may be said of Atkins' statement that Price specifically told her he was paid in cash for his services to Shilo so that his social security benefits would not be disrupted.
All affidavits of plaintiffs submitted in opposition to a motion for summary judgment may be said to be "self-serving" to some extent. The pertinent inquiry concerns whether the facts set forth in such affidavits would be admissible in evidence, whether they affirmatively show that the affiant is competent to testify to the matters stated in the affidavit, and whether they create a genuine issue of material fact. In this instance, the facts attested to in Ms. Atkins' affidavit are inconsistent with the conclusion that there are no issues of material fact regarding the existence of some type of employment-type relationship between Shilo and Price, even though all affiants agreed that Price is not on the regular payroll. As a resident of Shilo's trailer park, Ms. Atkins is competent to testify to those matters of which she has firsthand knowledge.
We conclude that there remains an issue of material fact regarding the allegation of an employment relationship between Shilo and Price, and, therefore, summary judgment on these grounds was inappropriate.
Next, Shilo contends that even if we assume an employment relationship between Price and Shilo, it is entitled to summary judgment because Price's intentional act was outside the ambit of any duties entailed in an employment relationship, citing Allen v. Payne & Keller Co., 1996-2326 (La.App. 1 Cir. 4/8/98), 710 So.2d 1138, writ denied, XXXX-XXXX (La.10/16/98), 726 So.2d 908 for support. In Allen, the court affirmed a jury verdict holding that the employer Payne & Keller was not vicariously liable for a co-worker's horseplay battery (an intentional tort) in bumping another employee, Allen, who was stooped over. The battery resulted in Allen aggravating a prior injury. The court held that the employer was not vicariously liable to Allen because the co-worker's actions were not within the course and scope of his employment. Allen, supra.
It is well-settled that an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment. The course of employment test refers to time and place. The scope of employment test examines the employment-related risk of injury. Allen, supra. (Citations omitted). However, an employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours. Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective. Allen, supra. (Citations omitted).
The record contains no affidavit from Danny Price attesting to his actions and his intentions with respect to the incident, nor do we have testimony from him regarding the nature of his duties in the *492 office, if any, that evening. Shilo presented no evidence of Price's duties that evening. Ms. Atkins, on the other hand, stated in her deposition that Price did not intend to make her fall or harm her, and apologized profusely over the incident.
We conclude that summary judgment is inappropriate in this case because there is no evidence of what Price's duties entailed and whether his activities that led to the accident were related in such a way as to fall within the course and scope of his employment. Accordingly, we reverse the judgment of the trial court and remand to the trial court for further proceedings. Shilo is cast with the costs of this appeal.
REVERSED AND REMANDED.