GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. James Riley was convicted of two counts of trafficking in stolen firearms. The trial court sentenced Riley to serve two concurrent thirty-year sentences. On appeal, Riley argues that: (1) the statute he was convicted under is unconstitutional, (2) the verdicts were not supported by competent evidence, (3) his sentence is unconstitutionally disproportionate, and (4) jury instruction number four was improper. We find no error and affirm Riley’s conviction and sentence.
 

 FACTS
 

 ¶ 2. During 2006, Attala County and Holmes County experienced numerous burglaries. After an investigation, Riley was indicted on two counts of house burglary, one count of business burglary, and two counts of trafficking in stolen firearms.
 

 ¶3. At trial, the State called Michelle Cheek, Jerry Rosamond, Earl Sims, Sara Moorehead, and John Harrell to testify about how their homes had been burglarized. Each of the individuals also identified firearms that had been taken during the burglaries.
 

 ¶ 4. William Robinson testified that on two occasions he bought firearms from Riley and another man, whom he later discovered was Martin Ickom. Robinson testified that Ickom sat in a car outside of Robinson’s house during the first transaction. Robinson further testified that he later purchased more firearms from Riley and Ickom during a second transaction. Robinson said that he always paid Riley for the firearms.
 

 ¶ 5. After Robinson purchased the firearms, the Attala County Sheriffs Department contacted him about the weapons. Robinson relinquished the weapons to the sheriffs department. During trial, Robinson identified all of the firearms from photographs. The photographs had previously been identified by other witnesses as pictures of firearms that had been stolen during the burglaries.
 

 ¶ 6. Martin Roby, the Chief Investigator for the Attala County Sheriffs Department, testified that he interviewed Riley. He stated that Riley told him that one of the stolen handguns was in Ickom’s car. Subsequently, the sheriffs department acted on this information and recovered the gun.
 

 ¶ 7. Zeely Shaw, another Attala County Sheriffs Department investigator, testified that Riley told him where and to whom the firearms had been sold. The Attala County Sheriffs Department used this information to recover the stolen firearms from Robinson.
 

 ¶ 8. Ickom testified for the State. Ick-om had already pleaded guilty and received a thirty-two year sentence. Ickom admitted that he helped Riley break into several houses and steal firearms. Ickom also admitted that Riley and he sold several firearms to Robinson and split the money. Ickom said that Riley would keep the firearms and that Riley would call him and give him a ride when they were going to sell any of the firearms.
 

 ¶ 9. The jury convicted Riley on both counts of trafficking in stolen firearms, Counts IV and V, but acquitted Riley on all three counts of burglary.
 

 ANALYSIS
 

 I. Whether Mississippi Code Annotated section 97-37-35(c) (Rev.2006) is unconstitutional.
 

 
 *881
 
 ¶ 10. Riley argues that Mississippi Code Annotated section 97-37-35(c) (Rev. 2006) is unconstitutional because: it is vague as to the elements of the crime, it is vague regarding the number of weapons required for an enhanced penalty, it creates a presumption that puts the burden of proof on the defendant, and the sentences contained in the statute are grossly disproportionate to the crime listed. The State argues that Riley’s constitutional attacks on section 97-37-35 are procedurally barred because these issues were not previously raised before the trial court.
 

 ¶ 11. Our supreme court has long held that “[constitutional] arguments not asserted at the trial level are waived.”
 
 Smith v. State,
 
 430 So.2d 406, 407 (Miss. 1983). Riley counters by citing
 
 Brooks v. State,
 
 209 Miss. 150, 155-56, 46 So.2d 94, 97 (1950) and its progeny,
 
 Whigham v. State,
 
 611 So.2d 988, 995-96 (Miss.1992) and
 
 Scarbough v. State,
 
 893 So.2d 265, 271(¶16) (Miss.Ct.App.2004). The Court in
 
 Scarbough
 
 held that “[a] trial error involving violation of a constitutional right may reach such serious dimension that this Court is required to address it, though first raised on appeal.”
 
 Scarbough,
 
 893 So.2d at 271(¶ 16) (citations omitted). There this Court addressed whether a prosecutor had commented upon a defendant’s failure to testify during the prosecutor’s closing argument.
 
 Id.
 
 In
 
 Whigham,
 
 the supreme court also addressed whether a prosecutor violated a defendant’s right not to testify during closing argument.
 
 Whigham,
 
 611 So.2d at 995. In
 
 Brooks,
 
 the supreme court ignored the procedural bar where the defendant’s trial counsel did not object to the admission of evidence that was seized in violation of the United States Constitution.
 
 Brooks,
 
 209 Miss, at 155, 46 So.2d at 97. Thus, we conclude that
 
 Brooks
 
 and its progeny are limited to evidence errors or closing argument errors that call into question a criminal defendant’s constitutional rights.
 

 ¶ 12. Having distinguished
 
 Whigham,
 
 we find this case more akin to
 
 Colburn v. State,
 
 431 So.2d 1111, 1113-14 (Miss.1983). In
 
 Colburn,
 
 a criminal defendant challenged Mississippi Code Annotated Section 97-3-7(2) (Supp.1982), arguing that it was unconstitutionally vague.
 
 Id.
 
 at 1113. The Mississippi Supreme Court refused to address the merits of Colburn’s claim because “[t]he constitutionality of section 97-3-7(2) was never raised in the trial court.... This Court has continuously adhered to the rule that questions will not be decided upon appeal which were not presented to the trial court and that court given an opportunity to rule on them.”
 
 Id.
 
 1113-14.
 

 ¶ 13. As a result, based on the precedent established under
 
 Colburn,
 
 we conclude that Riley’s claim on this issue is procedurally barred, and we will not address the merits or the constitutional implications of Riley’s claim.
 

 II. Whether the verdict for Counts IV and V are adequately supported by competent evidence.
 

 ¶ 14. Although Riley states that the evidence was insufficient to convict him, Riley actually argues that his conviction was against the overwhelming weight of the evidence. “[W]e will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.”
 
 Bush v. State,
 
 895 So.2d 836, 844(¶ 18) (Miss.2005). The evidence is weighed in the light most favorable to the verdict.
 
 Id.
 
 The power to grant a new trial should be invoked only in exceptional cases in which the evidence preponderates heavily against the verdict.
 
 Id.
 
 If the verdict is against the overwhelming weight of the evidence, the proper remedy is to grant a new trial.
 
 Id.
 

 
 *882
 
 ¶ 15. Riley makes two arguments. First, Riley argues that the State must enter the actual firearms into evidence instead of depending on photographs of the firearms. This argument is without merit. There is no “best evidence rule” with regard to physical evidence that is not writings, recordings, or photographs. M.R.E. 1002. The State is not required, under the Mississippi Rules of Evidence, to offer the actual firearms into evidence. Such requirement would impose a high burden on prosecutors and the courts in cases where there are large quantities of physical evidence. Under the Mississippi Rules of Evidence, the proponent of a photograph must establish that it is relevant under Rule 401, that it is not excluded under Rule 403, and the photograph must be authenticated under Rule 901 before a photograph may be admitted into evidence. The State satisfied these requirements. Thus, there is no merit to Riley’s first argument.
 

 ¶ 16. Next, Riley argues that the jury’s verdict was against the overwhelming weight of the evidence because the only testimony that shows he knew the firearms were stolen is that of Ickom, his alleged accomplice. Riley asserts that Ickom’s testimony should not have been given any weight, citing
 
 Jones v. State,
 
 368 So.2d 1265 (Miss.1979). In
 
 Jones,
 
 the supreme court held:
 

 [t]he rule is well settled that, while a conviction may be sustained on the uncorroborated testimony of an accomplice, it is equally well settled that such a conviction should not be upheld where such testimony is improbable, self-contradictory, and unreasonable on its face, and especially where it is impeached by unimpeached witnesses.
 

 Jones,
 
 368 So.2d at 1269 (quoting
 
 Creed, v. State,
 
 179 Miss. 700, 705, 176 So. 596, 597 (1937)). Riley believes that Ickom’s testimony was unreasonable and sufficiently impeached so that it may not be used to convict him.
 

 ¶ 17. In
 
 Evans v. State,
 
 460 So.2d 824, 826-27 (Miss.1984), the Mississippi Supreme Court elaborated upon
 
 Jones.
 
 The supreme court held that “the uncorroborated testimony of an accomplice may be sufficient to convict an accused.
 
 Where there is slight corroborative evidence,
 
 the accomplice’s testimony is likewise sufficient to sustain the verdict. However, such testimony should be viewed with great caution and suspicion and must be reasonable, not improbable, self-contradictory or substantially impeached.”
 
 Evans,
 
 460 So.2d at 827 (citations omitted) (emphasis added). The
 
 Evans
 
 court found that the accomplice’s testimony “was reasonable, consistent and substantially un-contradicted and the jury did receive a cautionary instruction relating to the manner in which [the] testimony should be viewed.”
 
 Id.
 

 ¶ 18. During the trial, the judge instructed the jury as follows:
 

 if you find the testimony of Martin Ick-om, an alleged accomplice of the defendant in this case, to be uncorroborated by other evidence, then and in that event, you should view such testimony with great caution and suspicion and that it must be reasonable and not improbable or self-contradictory or substantially impeached.
 

 Like the
 
 Evans
 
 court, we find that Ickom’s testimony “was reasonable, consistent and substantially uncontradicted and the jury did receive a cautionary instruction relating to the manner in which [the] testimony should be viewed.”
 
 Id.
 
 Further, the supreme court has held that jury instructions, like the one quoted above, ensure that the jury viewed the evidence with the proper amount of skepticism.
 
 Thomas v. State,
 
 340 So.2d 1, 2-3 (Miss.1976).
 

 
 *883
 
 ¶ 19. Riley’s argument is also without merit because Ickom’s testimony was corroborated. Ickom’s testimony that Riley knew the firearms were stolen when he and Riley sold them is supported by the testimony of Investigator Shaw and Investigator Roby. Investigator Shaw testified that Riley told him during their second interview that “he had ... nothing to do with any burglaries. He just pointed out places and people where the guns were sold.” Investigator Roby testified that Riley told him that he did not have anything to do with the burglaries, but Riley told him that Ickom had a thirty-eight caliber pistol “underneath the steering column of Ickom’s car.”
 

 ¶ 20. The prosecution is to be given all favorable inferences from the evidence that was presented at trial.
 
 Smith v. State,
 
 889 So.2d 489, 495(¶ 12) (Miss. 2003). Therefore, we must infer that Riley knew the guns were stolen because he knew all the details of both gun transactions and where the guns were located. Furthermore, Ickom’s testimony, which is corroborated by that of Investigators Shaw and Roby, directly inculpates Riley in the firearm trafficking enterprise, and Robinson testified that Riley sold the guns to him. After reviewing Ickom’s, Investigator Roby’s, and Investigator Shaw’s testimony and reviewing the trial court’s jury instruction, we find that the jury’s guilty verdict was not against the overwhelming weight of the evidence.
 

 III. Whether Riley’s sentence is disproportionate to the crime committed.
 

 ¶ 21. Riley argues that his sentence of thirty years is unconstitutional because it is disproportionate to the crime committed, and it is, therefore, cruel and unusual under the Eighth Amendment to the United States Constitution. Riley did not assert this argument at the trial court level. Therefore, it is procedurally barred.
 
 See Coleman v. State,
 
 788 So.2d 788, 793(¶ 11) (Miss.Ct.App.2000).
 

 ¶ 22. Procedural bar aside, Riley’s argument under this section also fails on the merits. “Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is ■within the limits prescribed by statute.”
 
 Hoops v. State,
 
 681 So.2d 521, 537 (Miss. 1996). “Further, the general rule in this state is that a sentence cannot be disturbed on appeal so long as it does not exceed the maximum term allowed by statute.”
 
 Id.
 
 at 538 (quoting
 
 Fleming v. State,
 
 604 So.2d 280, 302 (Miss.1992)). “However, this Court will use the three-pronged analysis as set forth by the United States Supreme Court in
 
 Solem v. Helm,
 
 but only when a threshold comparison of the crime committed to the sentence imposed leads to an inference of ‘gross disproportionality.’ ”
 
 Coleman,
 
 788 So.2d at 793(¶ 12) (quoting
 
 Hoops,
 
 681 So.2d at 538). Riley’s conviction under section 97-37-35(3)(c) is “punishable by commitment to the Department of Corrections
 
 for not less than fifteen (15) years.”
 
 (Emphasis added). Riley, who was thirty-two years old at the time of sentencing, was sentenced to serve two thirty-year terms concurrently. Thus, Riley’s sentence was below the potential life sentence he could have received under section 97-37-35(3)(c).
 

 ¶23. As stated above, we must first determine whether or not Riley’s thirty-year sentence was grossly disproportionate before we have to conduct a
 
 Solemn
 
 analysis. Our supreme court has stated that:
 

 Although this sentence seems quite severe, it is not a “grossly disproportionate” sentence for the crimes that Stro-mas committed. Drug offenses are very serious, and the public has expressed grave concern with the drug problem.
 
 *884
 
 The legislature has responded in kind with stiff penalties for drug offenders. It is the legislature’s prerogative, and not this Court’s, to set the length of sentences. Because this sentence was within the statutory guidelines, and because our legislature, as a matter of public policy, has called for harsh penalties for drug offenders such as Stromas,
 
 Solem v. Helm,
 
 is not implicated in this case. Declaring a sentence violative of the Eighth Amendment to the U.S. Constitution carries a heavy burden and only in rare cases should this Court make such a finding.
 

 Stromas v. State,
 
 618 So.2d 116, 123 (Miss. 1993). Like
 
 Stromas,
 
 Riley has been convicted of a crime that is very serious and concerns the public deeply. Likewise, the Mississippi Legislature has responded by assigning stiff penalties for gun traffickers. This Court will not challenge the authority of the Legislature to set penalties in criminal matters.
 

 ¶ 24. Riley’s sentence was within the statutory guidelines, which the Legislature created as a matter of public policy. For the above reasons, we cannot say that Riley’s sentence was grossly disproportionate to the crime he committed, and we need not conduct a
 
 Solemn
 
 analysis. Therefore, we do not find any error in trial court’s sentencing of Riley.
 

 IV. Whether jury instruction number four was improper.
 

 ¶ 25. Riley’s final argument is that jury instruction number four was improper because it: (1) improperly shifts the burden of proof to the defendant, (2) it eliminated the requirement that the State prove that Riley knew the firearms were stolen, and (3) it is a comment on the defendant’s right to remain silent. Jury instruction number four read, as follows:
 

 The Court instructs the Jury that possession of property recently stolen is a circumstance which may be considered by you, and from which, in the absence of a reasonable explanation, you may infer guilt of larceny or theft of the property.
 

 ¶ 26. “Generally, when a jury instruction is offered at trial, it is the duty of the opposing party, in order to preserve the point for appeal, to state a contemporaneous objection in specific terms.”
 
 Irby v. State,
 
 893 So.2d 1042, 1047(¶ 17) (Miss. 2004). “Furthermore, on appeal a party may not argue that an instruction was erroneous for a reason other than the reason assigned on objection to the instruction at trial.”
 
 Id.
 
 During the trial, Riley did not specifically object to the errors that he now argues before this Court. Instead, he argued that the instruction was unnecessary because Riley’s possession of the stolen firearms was explained on cross-examination. Therefore, the argument made here was waived and is procedurally barred. We will, however, briefly address Riley’s three arguments.
 

 A. State’s Requirement to Prove Knowledge
 

 ¶ 27. Riley argues that jury instruction number four is a common law inference that eliminated the State’s burden of having to show that Riley knew the firearms were stolen when he sold them. He also says that this argument is supported by the fact that he was convicted for trafficking in firearms, but he was not convicted of burglary. The supreme court has consistently upheld such instructions in burglary cases.
 
 See Robinson v. State,
 
 418 So.2d 749, 758-59 (Miss.1982). Riley, however, argues that our supreme court does not allow these instructions in cases of receiving stolen property. He cites to
 
 Johnson v. State,
 
 247 So.2d 697, 698 (Miss. 1971) in support of his position, which held:
 

 
 *885
 
 it is never proper, in a case for receiving stolen goods knowing them to have been stolen, for the jury to be instructed, in effect, that the unexplained possession alone of such recently stolen property is either a circumstance from which guilt may be inferred or that such possession is a circumstance strongly indicative of guilt which will justify, support, or warrant a verdict for the [sjtate,
 
 where such possession is unaided by other proof tending to show that the accused received such property knowing it to have been stolen
 
 .... it is well established in the criminal jurisprudence of this state that guilty knowledge is the very gist of the offense of receiving stolen property and that such knowledge must be both alleged and proved.
 

 Id.
 
 698 (citations omitted). Thus, Riley argues that trafficking in stolen firearms is more similar to receiving stolen property than burglary because he asserts that guilty knowledge is the gist of trafficking in stolen firearms. Therefore, he believes that the trial court erred in giving instruction number four.
 

 ¶ 28. In
 
 Harris v. State,
 
 908 So.2d 868, 872(¶ 11) (Miss.Ct.App.2005), a criminal defendant argued that an instruction similar to the one in this case, “effectively told the jury that it may infer guilt as to not only the burglary charge, but also the charges of possession of a firearm by a convicted felon and the sale of a stolen firearm.” Essentially, the defendant in
 
 Harris
 
 argued that the inference in the instruction may only apply to his burglary charge, but not his other charges. The Court found that this issue was procedurally barred because the defendant did not specifically object at trial.
 
 Id.
 
 at 873(¶ 14). However, the Court also stated, “[i]n any event, assuming that the issue is procedurally barred, we find that, notwithstanding the bar, there is no merit in this issue. Our supreme ‘court has consistently held that unexplained possession of recently stolen property is prima facie, although no means conclusive, evidence of burglary.’ ”
 
 Id.
 
 Here, the jury instruction specifically states that it applies to “larceny or theft of property.” Thus, we must conclude that the jury instruction specifically directed the jury to only apply the common law inference to the burglary counts and not the trafficking in stolen firearm counts. Consequently, there is no merit to Riley’s argument.
 

 B. Shifting of Burden of Proof
 

 ¶ 29. Riley argues that the language of the jury instruction number four shifted the burden of proof from the State to him. Jury instructions are not to be read in isolation. In reviewing the grant or refusal of a jury instruction, we read all the jury instructions actually given as a whole.
 
 Fears v. State,
 
 779 So.2d 1125, 1127(¶ 9) (Miss.2000). If the instructions as a whole fairly announce the law and create no injustice, no reversible error will be found.
 
 Id.
 
 After the definition of every crime Riley was accused of committing, the jury instruction given in this case contained the following: “If the State has failed to prove any one or more of the above listed elements beyond a reasonable doubt, then you shall find the defendant not guilty.” Thus, we find that the jury instructions as a whole do not shift the burden of proof.
 

 C. Comment on Right to Remain Silent
 

 ¶ 30. We also find that this instruction is not a comment on the defendant’s right to remain silent because other individuals besides the defendant could present a reasonable explanation as to why Riley temporarily possessed the stolen firearms. We have previously held that the State’s referring to a lack of evidence
 
 *886
 
 in a case is not using innuendo to refer to a defendant’s right not to testify when such evidence could be supplied by someone other than the defendant.
 
 Weathersby v. State,
 
 769 So.2d 857, 861(¶ 18) (Miss.Ct. App.2000). Likewise, we cannot interpret this instruction as a comment on the defendant’s failure to testify because other individuals besides Riley could explain why he possessed the firearms. Thus, we find that this instruction is not a comment on Riley’s right to remain silent.
 

 ¶ 31. THE JUDGMENT OF THE CIRCUIT COURT OF ATTALA COUNTY OF CONVICTION OF TWO COUNTS OF TRAFFICKING IN STOLEN FIREARMS AND SENTENCE OF TWO CONCURRENT TERMS OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ATTALA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.